229 So.2d 697

**STATE of Louisiana**

v.

**Benjamin HAYNES.**

No. 49693.

Dec. 15, 1969.

Thomas S. Gill, Jr., Baton Rouge, for appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Sargent Pitcher, Jr., Dist. Atty., Frank J. Gremillion, Asst. Dist. Atty., for appellee.

HAMITER, Justice.

On February 21, 1967 Benjamin Haynes, the defendant herein, entered a plea of guilty to a charge of manslaughter. Thereafter, he was sentenced to ten years at hard labor in the State Penitentiary.

The sentence of the accused was suspended, however, and he was placed on probation under the supervision of the Department of Institutions for five years and on unsupervised probation for five years. The suspension was conditioned upon the special provisions of Article 895 of the Louisiana Code of Criminal Procedure, his receiving psychiatric care when needed, and his not frequenting barrooms.

On January 15, 1969 the state moved to revoke the suspension of the sentence for alleged violations of some of the mentioned conditions. And following a hearing on the motion the court ordered that the suspension be revoked and the sentence made executory.

The defendant is appealing from such ruling.

No motion to dismiss the appeal has been filed in this court. However, in State v. Bruno, 253 La. 669, 219 So.2d 490, which involved an identical situation, we observed: "It has been called to our attention that an appeal will not lie to this court from a ruling of a trial judge on a motion to revoke a sentence previously suspended by it, that such ruling can only be reviewed by this court under its supervisory jurisdiction. See Articles 871, 893, 912, Code of Criminal Procedure.

"Although this issue was neither urged in any pleadings nor in argument, the appeal is ex proprio motu dismissed."

Accordingly, the appeal taken herein is dismissed ex proprio motu.