244 So.2d 813

**STATE of Louisiana**

v.

**Ray ROSTEET.**

No. 50293.

Feb. 24, 1971.

Calvin W. Eason, Lake Charles, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Frank T. Salter, Jr., Dist. Atty., Charles W. Richard, Asst. Dist. Atty., for plaintiff-appellee.

SUMMERS, Justice.

Appellant Ray Rosteet was indicted by the Grand Jury of Calcasieu Parish for the December 20, 1967 killing of Paul Terrenova III by his criminal negligent operation of a motor vehicle, while intoxicated, in violation of Article 32 of the Criminal Code.

On October 11, 1968 Rosteet entered a guilty plea, and he was sentenced to serve one year at hard labor, with the sentence suspended and Rosteet placed on probation for one year, subject to the conditions outlined in Article 895 of the Code of Criminal Procedure [1] and the additional condi-

---

1. The conditions of probation imposed were:

"(1) Refrain from the violation of any State, Federal, Local or Municipal Law;

(2) Avoid injurious or vicious habits and persons or places of disreputable or harmful character;

(3) Work diligently at a lawful occupation and support your dependents, if any, to the best of your ability;

. tion that he not violate any law, Municipal, State or Federal. .

Thereafter, on September 15, 1969, Rosteets' probation officer filed a charge that Rosteet had violated the condition of his probation that he avoid injurious or vicious habits and persons or places of disreputable or harmful character. Whereupon the judge ordered his arrest. On September 16, 1969 he pleaded not guilty of violating his probation.

On November 14, 1969 a hearing was held at which it was determined that Rosteet had violated his probation, and it was accordingly revoked. Rosteet was then ordered to serve the one year penitentiary sentence imposed but suspended on October 11, 1968. At this time defense counsel informed the Court that he would apply to this Court for writs. No writs were presented, however, and on December 1, 1969 defense counsel filed a written motion for appeal which was granted.

The record has been lodged here and the matter argued and submitted. The appeal

(4) Make no change in your residence or employment until permission is given by the Probation and Parole Officer to visit you to do so;

(5) Permit the Probation & Parole Officer to visit you at your home or elsewhere; .

(6) Make a full and truthful written report at the end of each month to the Probation & Parole Officer, whose address is:

▬▬▬▬

. rests on the ground that error was committed when the trial court revoked Rosteet's probation after he had already served his term of probation, and, further, because his probation on a felony sentence was revoked by reason of his commission of a misdemeanor not specifically prohibited in the conditions of his probation.

▆▆ The first contention is without merit. The probation officer filed the charge on September 15, 1969 that Rosteet had violated a condition of his probation imposed on October 11, 1968, well within the one year probationary term. The fact that the hearing on that charge did not take place until November 14, 1969, more than one month after the probationary term had expired is irrelevant. It is the violation within the probationary period which is pertinent. La.Code Crim.P. art. 901.

▆▆ As to the contention that Rosteet's probation was improperly revoked for conviction of a misdemeanor, we are unable to

Stanley E. Tipton, P. O. Box 708, Lake Charles, La. 70601

(7) Remain within the jurisdiction of the court unless written permission to do otherwise is given by the Probation & Parole Officer;

(8) Not have in your possession firearms or other dangerous weapons unless granted written permission by your Probation & Parole Oficer;"

consider this contention. No evidence was recorded at the hearing and transmitted with the record which would enable us to ascertain the grounds upon which the revocation was based. The charge of probation violation is couched in such vague terms, it gives no reliable clue to the proof relied upon by the judge. Furthermore, no bill of exceptions was reserved and perfected to the court's ruling at that time whereby such a question could be properly presented for review.

We have repeatedly called attention to the necessity of complying with Title XXVIII of the Code of Criminal Procedure prescribing in detail when and how to reserve bills of exceptions in order to obtain appellate review. We have also often referred to the provisions of Article 920 of the Code of Criminal Procedure which limits the scope of appellate review to formal bills of exceptions that have been submitted to and signed by the trial judge, in accordance with Article 845, and to errors discoverable by a mere inspection of the pleadings and proceedings without inspection of the evidence.

We note, moreover, that the appeal taken herein on December 1, 1969 was more than fifteen days after the revocation of the probationary sentence pronounced on November 14, 1969. Under the provisions of Article 914 of the Code of Criminal Procedure "The motion (for appeal) must be made no later than fifteen days after the rendition of the judgment or ruling from which the appeal is taken." Hence this appeal, if proper, is not timely and must be dismissed.

An appeal, however, is not the proper method for obtaining review of proceedings revoking a suspended sentence. In State v. Bruno, 253 La. 669, 219 So.2d 490 (1969), we held that an appeal would not lie to this Court from a ruling of a trial judge on a motion to revoke a sentence previously suspended, for such a ruling can only be reviewed by this Court under its supervisory jurisdiction. See also La.Code Crim.P. arts. 871, 893, 912; State v. Haynes, 255 La. 52, 229 So.2d 697 (1969).

For the reasons assigned the appeal is dismissed at appellant's cost.

TATE, J., joins in concurring opinion by BARHAM, J.

BARHAM, Justice (concurring).

The majority has passed upon every contention raised by the defendant and then in one final paragraph concluded that it has nothing before it for consideration since the matter is not appealable. Everything contained in this opinion except the last paragraph is obiter dictum. I therefore concur in the holding that the defendant is not entitled to an appeal and that his remedy was by timely application for the exercise of our supervisory jurisdiction.