LEMMON, Justice.
This matter is before the court on a writ of certiorari granted to review the trial court’s summary revocation of relator’s probation the same day relator was sentenced.
Relator pleaded guilty to the charge of obscenity in the presence of counsel on January 20, 1980. On February 15 relator appeared without counsel and was sentenced to serve one year in the parish prison and to pay a fine of $250. The judge suspended the jail sentence on the condition that relator serve thirty days in jail, spend two years of active probation, submit to evaluation and treatment at a mental health unit, and tour the state penitentiary to “see the direction you are heading”.[1]
After imposing the sentence, the judge instructed relator to be seated in the courtroom to await the arrival of a probation officer, but relator instead attempted to flee from the courtroom. When relator was captured, the judge immediately cited him for contempt of court and summarily revoked his probation, evidently because of the contemptuous conduct.
Through new counsel relator applied for supervisory writs, questioning the trial court’s action in revoking probation without notice of the basis of revocation or an opportunity to speak in mitigation until after the judge had revoked probation.
The procedure utilized to revoke relator’s probation did not comply with the requirements set forth in Gagnon v. Scarpeli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), most particularly the provision of an opportunity to be heard in person and to present witnesses and documentary evidence.[2] See also State v. Harris, 368 So.2d 1066 (La.1979) and State v. Rideau, 376 So.2d 1251 (La.1979). While C.Cr.P. art. 900 provides that the hearing may be informal or summary, the code clearly contemplates that the defendant be given an opportunity to explain mitigating circumstances relating to the violation before the judge decides on whether to revoke probation. Moreover, the fact that relator was sentenced in this case without the calming influence of counsel, who had earlier advised him as to his guilty plea, may well serve as an explanation in mitigation of his impulsive reaction when a hearing is held in a calmer atmosphere.
*255 Because we set aside the probation revocation for failure to accord relator due process, we do not reach the issue of whether the revocation should be set aside because the contempt of court was not “criminal conduct” under C.Cr.P. art. 895 or because the contempt conviction was not a subsequent conviction of a felony or of a misdemeanor under Title 14 or Title 40 of the Revised Statutes, as required by C.Cr.P. art. 901 for revocation for commission of another offense.
Accordingly, the order revoking relator’s probation is set aside, and the matter is remanded for further proceedings.

SET ASIDE AND REMANDED.

MARCUS, J., concurs.
BLANCHE, J., concurs and assigns reasons.

. The specific conditions were authorized by C.Cr.P. Art. 895, which also provides the general condition that the defendant “refrain from criminal conduct”.

. After the trial judge revoked probation, relator was given the opportunity to speak and immediately tried to withdraw his guilty plea.