445 So.2d 209 (1984)
STATE of Louisiana
v.
L.C. BRADLEY, Jr.
No. KA-1068.
Court of Appeal of Louisiana, Fourth Circuit.
February 6, 1984.
*210 Harry F. Connick, Dist. Atty., Beryl M. McSmith, Asst. Dist. Atty., New Orleans, for State.
Dwight M. Doskey, Orleans Indigent Defender Program, New Orleans, for defendant.
Before REDMANN, GARRISON and LOBRANO, JJ.
LOBRANO, Judge.
Defendant, L.C. Bradley, Jr. brings the instant appeal seeking reversal of the trial court's revocation of his probation. A defendant has no right to appeal a revocation of his probation. State v. Manuel, 349 So.2d 882 (La.1977); State v. Haynes, 255 La. 52, 229 So.2d 697 (1969); State v. Bruno, 253 La. 669, 219 So.2d 490 (1969); La.C. Cr.P. Arts. 912 and 912.1. Such a ruling, however, can be reviewed by the Court under its supervisory jurisdiction. Accordingly, rather than dismiss the matter in toto, we shall treat the "appeal" as an application for writs.
In 1980 defendant was convicted of simple burglary. At that time he received three years at hard labor, but the sentence was suspended and he was placed on active probation for five years. On March 4, 1983 a revocation hearing took place wherein the trial court revoked defendant's probation and reinstituted the original sentence of three years at hard labor. The trial court reasons for said ruling are based on the fact that defendant had been arrested on November 30, 1982 for carrying a concealed weapon, to wit: a .38 caliber revolver. Although the charges against defendant for that offense were not accepted by the District Attorney's office, the lower court was satisfied that defendant was in fact in possession of this weapon on the day of his arrest. Defendant alleges that the reason for his having the weapon was because he broke up a fight and took the gun away from one of the participants so as to prevent someone from getting hurt. This is in direct contradiction to the evidence presented by the arresting officer who stated defendant attempted to conceal the weapon under his coat. The officer further testified that defendant told him he had the weapon because "... he was not going to get hurt." This was in reference to a threat defendant received from someone.
We find no error in the ruling of the trial court. The fact remains that defendant, a convicted felon, was in possession of a weapon in violation of his probation. Although there is some evidence concerning an occurrence on December 8, 1982 wherein defendant was present when a companion was arrested for drug possession, we find it unnecessary to consider the facts of that situation since the November 30th occurrence is sufficient to sustain the revocation.
Finally, it may be noted that notwithstanding the supreme court's "exclusive supervisory jurisdiction ... of all criminal writ applications relating to convictions and sentences imposed prior to July 1, 1982," La. Const. Art. 5 Sec. 5(E), we have jurisdiction because the decision of which defendant seeks review is not his pre-1982 conviction or sentence but the 1983 revocation of his probation.
Accordingly writs are denied.
GARRISON, Judge, dissenting.
I find no application for writs in this case. Therefore, I cannot concur in a "denial *211 of writs." I would, however, join in a dismissal of the appeal in this appeal. See: State v. Kevin Berry, 445 So.2d 763, 4th Cir. Ct. of Appeal # KA-1276/1277 January 12, 1984.