CIACCIO, Judge.
This matter is before this court on the defendant’s pro se application for writs of habeas corpus, certiorari and review. In this application the defendant complains that he was not afforded effective legal representation; he was not given adequate notice and opportunity to interrogate wit *415 nesses at his revocation of probation hearing and that the trial judge abused his discretion when he revoked the defendant’s probation in that he did not give sufficient weight to the testimony of the defense witnesses.

Ineffective Counsel

Defendant complains that he did not receive effective legal counsel at his revocation of probation hearing. We will not address this issue because it must first be raised in an application presented to the trial court. C.Cr.P. Art. 926. See: State v. Jones, 445 So.2d 26 (La.App., 4th Cir., 1984).

Revocation of Probation

The defendant’s argument that he was not afforded effective notice and the opportunity to question witnesses against him, at his probation revocation hearing, is without merit. The record reveals that the defendant and his attorney were present at the revocation hearing and that all the witnesses who testified were questioned- by counsel for the defendant.
Additionally, we find that the trial judge did not abuse his discretion in revoking this defendant’s probation. C.Cr.P. Art. 900. The transcript of the hearing reveals that the trial judge found that, by his prior actions, the defendant clearly indicated that he did not possess a strong desire to rehabilitate himself and therefore the judge chose to impose the sentence of imprisonment and refused to sentence the defendant to an in-patient drug rehabilitation program, as was recommended by two witnesses who testified at the hearing. This is a matter within the sound discretion of the trial judge and his actions in this case are fully supported by the record.
For the reasons assigned, the defendant’s application is denied.
WRIT DENIED.