WILLIAMS, Judge.
Defendant, Wilson F. Martin, brings this appeal seeking reversal of the trial court’s revocation of his probation. Since defendant has no appeal from the trial court’s ruling, we will treat this as an application for writs and review the revocation under this court’s supervisory jurisdiction. State v. L.C. Bradley, Jr., 445 So.2d 209 (La.App. 4th Cir.1984); State v. Berry, 445 So.2d 763 (La.App. 4th Cir.1984).
On December 4, 1981, defendant pleaded guilty to two counts of possession of penta *190 zocine with intent to distribute, in violation of R.S. 40:969(A), and one count of possession of pentazocine, in violation of R.S. 40:969(C).[1] Defendant was sentenced to ten (10) years at hard labor on each of the distribution charges and five (5) years on the possession charge. The sentence in each charge was suspended and defendant was placed on five (5) years active probation.
On June 14, 1984, the District Attorney filed a Rule to Show Cause Why Probation Should Be Revoked. In the Rule it was alleged: (1) that the defendant had failed to refrain from criminal conduct, citing a November 28, 1984, arrest for possession of pentazocine with intent to distribute; (2) that defendant had failed to continue drug treatment for his addiction, which was a special condition of his probation; (3) that defendant had failed to devote himself to an occupation approved by his probation officer; and (4) that defendant had failed to refrain from frequenting unlawful or disreputable places and consorting with disreputable people (he was arrested in the company of two convicted felons).
A hearing on the Rule to Revoke was held on February 25, 1985. Defendant’s probation officer, Gary Smith, testified as to the probation violations. The Assistant District Attorney in charge of narcotics screening explained that charges had been refused in the November 28, 1984 arrest because the evidence was the result of an illegal search, and introduced a copy of the police report.
The defendant objected to the probation officer’s testimony, claiming that notice requirements were violated by his testifying to matters not set forth in the Rule to Revoke. The defendant further objected to the introduction of the police report as hearsay evidence. Based on the defendant’s objections, a continuance was granted specifically for the purpose of the defendant obtaining the testimony of the arresting officers and the persons arrested with the defendant. At the continued hearing on March 4, 1985, defendant chose not to call any of the subpoenaed witnesses. Probation was revoked and the prior sentences were made executory.
The defendant’s first specification of error citing insufficient notice is without merit. The due process requirement of adequate notice was afforded to defendant by way of the trial court’s granting the defense’s request for a seven (7) day continuance in order to rebut the evidence presented in the initial hearing. State v. Harris, 368 So.2d 1066 (La. 1979); State v. Sussmann, 374 So.2d 1256 (La.1979).
The defendant’s second specification of error is that an arrest report of a crime is, by itself, insufficient evidence of the underlying criminal activity to warrant revocation. The police report sets forth only two of the four grounds for the revocation; the arrest and the consorting with felons. Furthermore, of these two, Smith researched the background of the two persons with whom Martin was arrested and provided extensive evidence of their criminal background. We find there were sufficient grounds to revoke probation absent the police report, but, since the 1984 arrest was obviously a substantial factor leading to the revocation, we address defendant’s specification of error.
A defendant in a revocation hearing is entitled to test the accuracy of a written hearsay report of criminal activity in cross-examination of arresting officers and any identifying witnesses. Harris, supra; Sussmann, supra. The trial court issued instanter subpoenas to afford the defendant the opportunity to interview any witness to aid in the preparation of his defense. At the second hearing, the defendant chose not to cross-examine the subpoenaed witnesses. Defendant’s argument is without merit because he was given every opportunity to confront and cross-examine the witnesses relied upon by the *191 State, but chose not to avail himself of this opportunity at the second hearing.
Accordingly, the writ is denied.
WRIT DENIED.

. Docket numbers KA-3867 and KA-3869, which are the same case, have been consolidated on appeal.