564 So.2d 360 (1990)
STATE of Louisiana
v.
Tranell A. ARMOUR.
No. 90-KA-79.
Court of Appeal of Louisiana, Fifth Circuit.
June 6, 1990.
Rehearing Denied August 17, 1990.
*361 John M. Mamoulides, Dist. Atty., Dorothy Pendergast, Asst. Dist. Atty., Gretna, for plaintiff-appellee.
Bruce G. Whittaker, Indigent Defender Board, Gretna, for defendant-appellant.
Before KLIEBERT, DUFRESNE and GOTHARD, JJ.
DUFRESNE, Judge.
The defendant, Tranell A. Armour was charged by bill of information with two counts of simple burglary (LSA R.S. 14:62).
Pursuant to a plea bargain, the defendant pled guilty as charged on April 13, 1988, and he was sentenced to two years at hard labor on each count with the sentences running concurrently. The sentence was suspended and the defendant was placed on active probation for two years subject to special conditions.
On August 24, 1988 the defendant failed to appear for a hearing concerning proof of payment of the fine and court costs; therefore, the court issued an attachment for the arrest of defendant.
On February 2, 1989, defendant's probation officer sent a letter to the trial court requesting the court to issue a warrant.
On August 23, 1989, a revocation hearing was held and the trial court revoked defendant's probation and ordered the sentence to be made executory. The defendant is now appealing his probation revocation.
We recognize that the defendant has no right to appeal a probation revocation, but in the interest of judicial economy we will consider the appeal as an application for supervisory writs. State v. Moore, 540 So.2d 599 (La.App. 5th Cir.1989).
The defendant urges that the trial judge revoked his probation without considering alternatives to revocation and also, that we review the record for errors patent. Since we find patent error in the proceedings we do not consider his alleged error.
The initial step in a probation revocation proceeding is either the issuance of a warrant for the arrest of the defendant for violation of any of the conditions or the issuance of a summons instructing the defendant to appear to answer to a charge of violation or threatened violation. LSA-C. Cr.P. art. 899A.
In the instant case, the trial court issued a warrant pursuant to a letter from defendant's probation officer. Later a rule to revoke was filed on June 7, 1989, charging defendant with violating conditions of his probation. Attached to the rule was an order for defendant to appear before the court and to show cause why the suspension of sentence and probation of defendant should not be revoked. The rule noted that the previously issued warrant was outstanding.
LSA-C.Cr.P. art. 202 provides that a warrant must be supported by an affidavit from a complainant. LSA-C.Cr.P. art. 385 provides that an affidavit must be executed under oath.
In this case the probation officer's letter and the rule to revoke were not affidavits as they were not made under oath. As no affidavits of any kind were prepared in support of the warrant and the rule issued, the warrant and the rule were illegally issued in violation of LSA-C.Cr.P. art. 202. See State v. Mims, 552 So.2d 664 (La.App. 2nd Cir.1989) and State v. O'Doyle, 539 So.2d 1273 (La.App. 3rd Cir.1989).

DECREE
For the foregoing reasons, the revocation of the appellant's probation is vacated and the appellant is discharged from custody.
WRIT MADE PEREMPTORY, REVOCATION OF PROBATION REVERSED, *362 DEFENDANT DISCHARGED FROM CUSTODY.