BYRNES, Judge.
Mark Russell appeals the revocation of his probation. Because a judgment revoking probation is not an appealable judgment, this appeal is treated as a petition for supervisory writs. State v. Manuel, 349 So.2d 882 (La. 1977); State v. Bradley, 445 So.2d 209 (La.App. 4th Cir.1984).
Originally, Russell entered a plea of guilty, and was sentenced to serve eighteen months at hard labor for possession of phencyclidine. The trial court suspended his sentence and placed Russell on active probation for eighteen months with the special condition that he pay $250.00 to the Criminal Operating Fund and $155.00 court costs. On November 10, 1988, the trial court revoked the defendant’s probation and his original sentence of eighteen months at hard labor became executory.
Not every probation violation warrants revocation. The trial court should tailor the sanction imposed for such violations to the facts of the case, the seriousness of the misdeed, and the needs of the probationer. State v. Sussmann, 374 So.2d 1256, 1259 (La.1979); State ex rel. Robertson v. Maggio, 341 So.2d 366 (La. 1976). The trial court has much discretion in determining what sanction should be applied for a probation violation, and its ruling should only be disturbed upon a finding of an abuse of discretion. State v. Rideau, 376 So.2d 1251 (1979); State ex rel. Dunkley v. Alford, 450 So.2d 414 (La.App. 4th Cir.1984). The revocation of probation for a relatively minor violation may be reversible error. Sussmann, 374 So.2d 1256.
Russell claims that the primary reason for revocation of his probation was his failure to pay the fine and court costs imposed by the trial court. When the defendant failed to appear or pay court costs by the appointed date of October 27, 1987, the court issued a capias for his arrest. On March 9, 1988, Russell appeared in court to show receipts for fines imposed by the court. As all fines were paid, a release was issued. The state filed no rule based on failure of the defendant to pay fines or court costs.
On October 19, 1988, the state filed a rule to revoke defendant’s probation, alleging that Russell failed to report to his probation officer; failed to file a monthly written report with his probation officer; and failed to pay the monthly supervision fee. At the revocation hearing, the defendant’s probation officer testified that she had attempted to contact the defendant on seven occasions with no success. She further testified that he had never come into the office to see her. She also stated that the defendant had made no written reports and paid no monthly supervision fee. She admitted that the defendant did call her, but he refused to come into the office for fear that she would have him arrested.
The defendant testified that his brother was recently killed in an automobile accident, that his mother was receiving medical treatment, and that he was involved in the accident. He further testified that he was enrolled in a mental health program and had a case pending with social security for mental disability. He testified that he had undergone operations on his right knee as a result of the accident. The defendant claimed that he called his probation officer but was not given the opportunity to explain his situation. He further claimed that he was never advised as to the monthly reports or the ten dollars monthly supervision fee. Despite the defendant’s indi-gency claimed by counsel’s brief, the defendant testified that he could prepare the reports and pay the fee if given the opportunity.
The sentence and conditions of probation form signed by Mark Russell on August 27, 1987, states that the defendant was subject to thirteen general conditions of probation including the requirements that he: report to the probation officer as directed; pay a $10.00 monthly fee to the Department of Public Safety and Corrections; and pay $250.00 to the Criminal Court Operational Fund, as well as court *93 costs by October 27, 1987. Defendant’s testimony that he was not informed of the requirements of his probation conflicts with the stipulations set out in this form, as well as the testimony of his probation officer. We find no abuse of the trial court’s discretion in its evaluation of the credibility of the witnesses to determine that the defendant failed to meet conditions of his probation.
Accordingly, we affirm the revocation of the defendant’s probation.
AFFIRMED.