587 So.2d 75 (1991)
STATE of Louisiana
v.
Mark NORWOOD.
No. 91-KA-159.
Court of Appeal of Louisiana, Fifth Circuit.
September 18, 1991.
*76 Bruce G. Whittaker, Indigent Defender Bd., Gretna, for defendant/appellant.
John M. Mamoulides, Dist. Atty., Dorothy A. Pendergast, Asst. Dist. Atty., Gretna, for State/appellee.
Before WICKER and GOTHARD, JJ., and FINK, J. Pro Tem.
ELORA C. FINK, Judge Pro Tem.
On April 25, 1988, pursuant to a plea bargain, Mark A. Norwood entered a guilty plea to the charge of receiving stolen things (LSA-R.S. 14:69). He was sentenced to three years in prison at hard labor, suspended, was placed on five years' active probation, and was ordered to pay a *77 fine of $500, plus costs, and a monthly probation supervision fee of $20.
Norwood failed to report to the probation office for initial processing, however. On January 24, 1989, his probation officer applied for an arrest warrant, which was issued, and subsequently instituted proceedings to revoke the probation. The defendant was arrested in Florida on November 22, 1989. After a hearing on the rule to revoke, the district court revoked Norwood's probation and ordered the sentence to be made executory.
Norwood now appeals the revocation of his probation. Although there is no right of appeal of probation revocations, in the interest of judicial economy we consider this appeal as an application for supervisory writs. See State v. Armour, 564 So.2d 360 (La.App. 5 Cir.1990), writ denied, 569 So.2d 961. Finding merit to the defendant's contentions, we vacate the probation revocation.

ASSIGNMENT OF ERROR NO. 1 The defendant asserts his probation revocation was procedurally defective in that it was improperly instituted due to the lack of supporting affidavits accompanying the warrant and the rule to revoke.
A probation revocation proceeding may be instituted by either an arrest warrant or a summons. LSA-C.Cr.P. art. 899(A); State v. Forest, 571 So.2d 893 (La. App. 5 Cir.1990); State v. Armour, supra. Both a warrant and a summons must be supported by an affidavit of the complainant executed under oath. A warrant or summons unsupported by a properly confected affidavit is improperly issued. LSA-C.Cr.P. arts. 202 and 385; State v. Forest and State v. Armour, supra.
Here, the trial court issued a warrant based on a letter from appellant's probation officer complaining that the appellant had violated conditions of his probation. Additionally, the probation officer filed a rule to revoke accompanied by an order for the defendant to appear and show cause why his probation should not be revoked, which is equivalent to a summons to appear and answer the charges of parole violation. State v. Broussard, 408 So.2d 909 (La.1981).
The State contends this objection is too late because it is raised for the first time on appeal, arguing the defect could have been cured had the defendant timely objected. The defendant concedes there was no objection made in the district court to the lack of supporting affidavits, but urges this Court to review the issue as an error patent.
We have conducted error patent reviews on prior writ applications and have set aside other probation revocations as patent error where applicable. See Forest and Armour, supra, as well as State v. Davis, 562 So.2d 936 (La.App. 5 Cir.1990), writ denied, 568 So.2d 1060. Thus, it is appropriate for us to address the question now.
LSA-C.Cr.P. art. 206 provides: "A warrant of arrest shall not be quashed or abated, and a person in custody for an offense shall not be discharged from custody, because of any informality or defect in the warrant, but the warrant may be amended, so as to remedy the informality or defect." LSA-Const. art. I, § 5 states, "No warrant shall issue without probable cause supported by oath or affirmation...." In light of that constitutional requirement, we conclude the type of informality or defect that may be cured by an amendment under C.Cr.P. art. 206 is limited to technical changes, rather than a substantive defect such as exists here.
Neither the letter nor the rule to revoke were executed under oath. Consequently, the warrant and order were illegally issued and the revocation of the appellant's probation must be vacated. See Forest, Armour, and Davis, supra.

ERROR PATENT DISCUSSION
In scrutinizing the record in this matter, we find several other patent errors. Although in-depth discussion of these is obviated by our conclusion that the probation revocation proceeding was invalid, we deem it appropriate to mention some of the errors.
*78 The record reveals that the rule to revoke charged the defendant with the following alleged probation violations: failing to report to his probation officer; leaving the jurisdiction of the court; changing his address without permission of his probation officer; failing to make monthly reports to his probation officer; and failing to pay a total of $715.00 to the Jefferson Parish Sheriff's Office.
Although the trial court used these conditions as the basis for revoking appellant's probation, a review of the sentencing transcript establishes that the court had not imposed these conditions. In fact, the trial court did not impose any conditions of probation, but merely placed the defendant on "active" probation.
Arguably, "active" probation may include an initial visit to the probation department followed by continuous supervision. However, revoking defendant's probation for this unexplained "condition" may be a denial of due process rights. See State v. Sussmann, 374 So.2d 1256 (La. 1979).
Apparently, the conditions used to revoke the defendant's probation were imposed by the probation department. LSA-C.Cr.P. art. 895 assigns the authority to impose conditions of probation to the trial court, not to the probation department. State v. Spencer, 564 So.2d 795 (La.App. 5 Cir.1990), writ denied, 568 So.2d 1053; State v. Robert, 518 So.2d 1169 (La.App. 5 Cir.1988). Accordingly, any of the conditions of probation listed in the rule to revoke that were not imposed by the trial court were illegal and should not have been used as the basis for the defendant's probation revocation. See State v. Spencer and State v. Robert, supra.
The record also reveals several sentencing discrepancies between the transcript and the commitment. The transcript reflects that the trial judge sentenced the defendant to three years at hard labor, suspended that sentence, and ordered the defendant placed on five years' active probation, with the defendant to pay a $20-per-month probation supervisory fee. In addition, the court directed the defendant was to pay a fine of $500.00 within three months, for the account of the Indigent Defenders Board.
However, the commitment emanating from this sentencing proceeding states:

COMMITMENT
WHEREAS MARK A. NORWOOD, was by due form of law lately plead before our 24th Judicial District Court for the Parish of Jefferson of Violating Revised Statute 14:69 RECEIVING STOLEN THINGS and was thereupon sentenced to imprisonment at hard labor, for THREE (3) YEARS and defendant is committed to the Louisiana Department of Corrections for execution of said sentence in conformity with L.S.A.-R.S. 15:824.
SENTENCE SUSPENDED AND DEFENDANT PLACED ON ACTIVE PROBATION FOR A TERM OF FIVE (5) YEARS.

SPECIAL CONDITION OF PROBATION:
THE COURT ORDERED THAT THE DEFENDANT PAY COURT COSTS OF $25.00 CLERKS FEE, $12.50 SHERIFFS COST, $17.50 IDB FEE, $50.00 DEPUTY FEE, $10.00 D.A. FEE, AND $100.00 FELONY FEE.
THE COURT ORDERED THE DEFENDANT TO PAY A $500.00 FINE TO IDB.
The minute entry conforms with the commitment, except that it does not reflect how many years' imprisonment the defendant received.
To the extent the transcript conflicts with the minute entry, the transcript prevails. State v. Lynch, 441 So.2d 732 (La. 1983). According to the transcript, the trial court sentenced the defendant to serve three years at hard labor, suspended, placed him on five years' active probation, and ordered him to pay a $20 monthly fee for probation supervision and a $500.00 fine. The trial court did not impose any conditions of probation. Accordingly, the commitment and minute entry are erroneous and must be amended to reflect accurately *79 the sentence imposed by the trial court on April 25, 1988.
Amending the minute entry and commitment does not substantively change or correct the appellant's sentence. The minute entry and commitment are merely vehicles prepared by a clerk and used for recording and carrying out the sentence imposed by the trial court. The actual judgment or sentence is that which is imposed by the trial court and reflected in the transcript. Therefore, such an amendment merely corrects a clerical error. See State v. Spencer, 564 So.2d 795 (La.App. 5 Cir.1990).
For the foregoing reasons, the writ granted is made peremptory; the judgment of the district court revoking the defendant's probation is vacated and the defendant is ordered discharged from custody. It is further ordered that the case be remanded and that the district court correct the minute entry and the commitment to reflect accurately the sentence imposed on the defendant by the trial court.
WRIT GRANTED AND MADE PEREMPTORY; PROBATION REVOCATION VACATED; CASE REMANDED WITH ORDER.