BOWES, Judge.
Defendant, Rickey Krummel, challenges the legality of his two-year sentence for theft, made executory after the trial court ordered that his probation be revoked for failure to comply with the conditions imposed. We annul and set aside the probation revocation and remand the case for further proceedings.
The defendant pled guilty to theft in an amount over $100 but less than $500 in violation of LSA-R.S. 14:67 and was sentenced to two years, suspended, and two years active probation. Pursuant to a rule to revoke filed by the State, and after a hearing, defendant’s probationary period was extended for an additional year. While on probation during the additional year, defendant pled guilty to forcible rape and was sentenced to five years at hard labor. The State filed a second rule to revoke defendant’s probation for failure to comply with condition No. 1 of his probation, which was to refrain from criminal conduct. After a hearing on the rule, the trial court ordered that the defendant’s probation be revoked and that his two year sentence be made executory, to be served consecutively to his sentence for forcible rape.
Defendant filed an application for writ of review from the revocation of probation with this Court. We granted a writ of review and ordered that the matter be lodged as an appeal.
In this appeal, the defendant requests that his two-year sentence for theft be amended to reflect credit for time served. Defendant further raises several challenges to the legality of both the revocation proceedings and the sentence imposed as a result of revoking his probation.
A probation revocation proceeding may be instituted by a summons or an arrest warrant. La.C.Cr.P. art. 899A; State v. Forest, 571 So.2d 893 (La.App. 5 Cir.1990). The summons or warrant must be supported by an affidavit executed under oath by the complainant. Absent such an affidavit, the summons or warrant is improperly issued, La.C.Cr.P. arts. 202 and 385, and the probation proceeding is invalid. State v. Forest, supra; State v. Armour, 564 So.2d 360 (La.App. 5 Cir.1990), writ denied, 569 So.2d 961 (La.1990). The courts have also recognized that a rule to revoke is equivalent to a summons. State v. Broussard, 408 So.2d 909 (La.1981); State v. Dassau, 534 So.2d 467 (La.App. 5 Cir.1988).
In this case, probation revocation proceedings against the defendant were instituted on November 4, 1987, and again on October 28, 1988. As a consequence of the proceeding undertaken on November, 1987, the trial court extended the defendant’s probationary period for one year. The second proceeding (October 28, 1988) resulted in the revocation of the defendant’s probation and the execution of the suspended sentence which the defendant is now serving. Both of these proceedings were initiated with rules to revoke probation filed by the defendant’s probation officer. However, these rules to revoke were neither supported by an affidavit nor executed under oath. Therefore, the probation revocation proceedings instituted against the defendant on November 4, 1987 and October 28, 1988 were invalid and it is mandatory that they be annulled and set aside. We have pointed this out on several prior occasions. See authorities, infra.
In brief, the State argues that the defendant waived his objection to the validity of the revocation proceedings by raising the challenge for the first time on appeal. However, this Court has previously noted and resolved revocation validity issues of this type on error patent review, absent a prior challenge by the defendant. State v. Forest, supra; State v. Armour, supra; State v. Davis, 562 So.2d 936 (La.App. 5 Cir.1990), writ denied, 568 So.2d 1060 (La. *1370 1990). Accordingly, defendant did not waive his right to challenge the validity of the probation revocation proceedings by failing to raise same in the trial court.
Because we find that the revocation proceedings must, manditorily, be annulled and set aside, we need not address the remaining issues raised by the defendant.
For the above reasons, the ruling revoking defendant’s probation is annulled and set aside and the case is remanded for further proceedings.
PROBATION REVOCATION ANNULLED, AND SET ASIDE; CASE REMANDED.