We previously denied the writ application filed by the defendant following the revocation of his probation. On application to the Supreme Court, 600 So.2d 623, the matter was remanded to this court for reconsideration in light of State v. Armour, 564 So.2d 360 (La.App. 5th Cir.1990), writ denied, 569 So.2d 961 (La.1990), State v. O’Doyle, 539 So.2d 1273 (La.App. 3rd Cir.1989), and State v. Mims, 552 So.2d 664 (La.App. 2nd Cir.1989).
The cited cases had been considered by this court prior to the rendition of our initial ruling. However there was no explanation of how we arrived at our decision.
The relator, John G. Stelly, was convicted of simple burglary on June 26, 1987 (La. R.S. 14:62). He was sentenced to a three year term which was suspended and placed on probation for three years. On May 1, 1990 the probation officer, by letter, advised the trial court that relator had violated his probation by failing to comply with certain prescribed conditions. This letter was not supported by affidavit. A motion and order for a hearing to revoke probation was granted and on June 26, 1990 defense counsel and the state entered into a stipulation that relator’s probation be extended for a term of two years. The relator, through his counsel, admitted the allegations of probation violation and the court extended his period of probation for two years.
On December 3, 1991 relator’s probation officer submitted a motion, supported by affidavit, alleging that relator had again violated certain conditions of his probation. An order was entered thereon. On January 3, 1992 relator filed a motion to quash arguing that the motion and order for hearing to revoke probation, which was taken up on June 26, 1990 was not based on a sworn affidavit, but simply on a letter and therefore his original period of probation elapsed on June 26, 1990 and his sentence had then been served. On January 22, *91 1991, the trial court denied the motion to quash, ordered probation revoked and ordered that defendant serve his original sentence of three years at hard labor.
This writ application by the defendant followed.
A probation revocation proceeding may be instituted by the issuance of either a warrant or a summons. La.C.Cr.P. art. 899. Either must be supported by affidavit. La.C.Cr.P. art. 202 and 209. A warrant, not supported by affidavit, is improperly issued. State v. Armour, supra; State v. O’Doyle, supra; State v. Mims, supra. In O’Doyle and Mims the warrants were not based on affidavits and were therefore invalid. Thus there was no interruption of the period of probation. A hearing held after the expiration of the period of probation was also invalid since the sentence had been satisfied. In Armour since the warrant and rule were illegally issued (not supported by affidavit) an adversary hearing could not be held.
During the proceedings on June 26, 1990 relator was represented by counsel who stated he had been advised by relator to admit the allegations of probation violation in his behalf, and enter into a stipulation with the State to extend probation for a period of two years. The transcript of the June 26, 1990 proceedings includes the following:
BY THE COURT: Everything that your attorney has said this morning has been what you authorized him to say?
THE DEFENDANT: Yes, sir.
BY THE COURT: Are you satisfied with Mr. Hernandez’s representation of you in this matter?
THE DEFENDANT: Yes, sir.
The initial period of probation had not expired on June 26, 1990. Any earlier procedural defects were cured by the stipulation entered into by the defendant and his admission of a violation of probation.