GOTHARD, Judge.
In this consolidated appeal the defendant, Kelvin Smith, challenges revocation of his probation. Although a defendant has no right to appeal a probation revocation, we shall consider the appeal as an application for supervisory writs. State v. Norwood, 587 So.2d 75 (La.App. 5th Cir.1991).
In bills of information filed on November 29, 1990 and June 19, 1991, the State charged the defendant with simple burglary in violation of LSA-R.S. 14:62 and with possession of cocaine in violation of LSA-R.S. 40:967(C). The defendant entered a plea of not guilty on each charge at arraignments held on August 21 and September 3, 1991. He withdrew his not guilty pleas and on October 21, 1991, he pled guilty to simple burglary under LSA-C.Cr.P. art. 893 and to possession of cocaine under LSA-R.S. 40:983.
The trial judge sentenced the defendant on the two convictions. The court sentenced him for the burglary conviction to two years at hard labor, sentence suspended, and active probation subject to three conditions: 1) to pay a $20.00 monthly probationary fee; 2) to pay court costs; and 3) obtain a G.E.D. or complete a vo-tech program. The sentence for the possession of cocaine conviction was two years at hard labor, sentence suspended but concurrent with the burglary sentence, and one year’s probation subject to four conditions: 1) pay court costs plus a $50.00 law enforcement fee; 2) submit to drug testing with the probation department and upon a positive return enter a drug rehabilitation program; 3) obtain a G.E.D. or complete a vo-tech program; and 4) perform 100 hours of community service. The court costs and fines were to be paid in sixty days.
On June 3, 1992 Probation Officer Fend-ley filed a rule to revoke probation, which she executed under oath, alleging that the defendant violated several conditions of his probation and with the attached order the trial court set the matter for a hearing. The trial court later issued a warrant for the defendant’s arrest on July 20, 1992, pursuant to an affidavit executed by the probation officer alleging the same probation violations.
The trial court held a revocation hearing on October 16, 1992 and at its conclusion *443 the court revoked the defendant’s probation and reinstated the original sentences with an allowance for credit for time served. At the revocation hearing Probation Officer Weidenhart testified that the defendant was placed on probation on October 21, 1991 and his case was initially assigned to Probation Officer Fendley. When the defendant failed to report for three months, Officer Fendley sent a letter to defendant’s last known address. Officer Weidenhart further testified that the defendant never reported for probation despite being instructed to do so. He failed to allow the probation officer to visit him at his home or elsewhere, or to obtain a G.E.D. or vo-tech training. He did not perform a 100 hours of community service nor did he pay supervision fees. Weiden-hart stated also that Smith was arrested several times during his probationary period.
The defendant testified that about a week after being placed on probation he talked to Officer Fendley by telephone and she told him to report for probation. The defendant informed her that he “didn’t have no way to get down” there and he indicated that he never did report to her. A short time later he went to Detroit “on emergency” without obtaining his probation officer’s permission to leave the court’s jurisdiction. Smith testified further that about three or four months prior to the hearing he called the probation office; however, no one answered and he made no other attempts to contact the department.
No other evidence or testimony was submitted by either side.
Assignment of error: The trial court abused its discretion in revoking the defendant’s probation rather than imposing less onerous sanctions.
The defendant contends that the court should have imposed less onerous sanctions for his failure to comply considering his lack of a criminal history, the nature of his offenses and his apparent limited capabilities.
Pursuant to LSA-C.Cr.P. art. 900, if the court decides that the defendant has violated or is about to violate a condition of his probation, it may: 1) reprimand and warn the defendant; 2) order that the supervision be intensified; 3) add additional conditions to the probation; 4) order the defendant as additional condition of probation, to be committed to a community rehabilitation center for a period of time not to exceed six months, without benefit of parole or good time; or 5) order that probation be revoked. Not every probation violation is serious enough to warrant the drastic sanction of revocation, and the trial judge is vested with wide discretion.
Our review of the transcript of the probation revocation hearing indicates that Kelvin Smith made no attempt to fulfill any of the conditions of probation and was not motivated toward rehabilitation. We find that the assignment of error is without merit and the revocation of probation was not an abuse of the trial court’s much discretion.

Error patent discussion

Our examination of the record reveals discrepancies between the transcript and the commitment. In the simple burglary conviction the transcript, unlike the minute entry and commitment, reflects that the trial court did not impose as conditions of probation that the defendant 1) submit to drug testing and upon testing positive enter a drug rehabilitation program and 2) perform community service hours. In the possession of cocaine conviction the transcript, unlike the minute entry and commitment, reflects that the trial court did not impose as a condition of probation that the defendant pay a $20.00 monthly probation fee. The transcript prevails when there is a discrepancy, and it is the obligation of the court to impose probation and to set its terms and conditions. State v. Lynch, 441 So.2d 732 (La.1983); State v. Robert, 518 So.2d 1169 (La.App. 5th Cir.1988). The case must be remanded for amendment of the commitment to reflect accurately the sentence imposed on the defendant by the trial court. State v. Norwood, supra.
DECREE
For the reasons assigned above, the judgment of the trial court is affirmed. *444 The case is remanded for amendment of commitment to conform with the transcript.
SENTENCE AFFIRMED; REMANDED FOR AMENDMENT OF COMMITMENT.