GOTHARD, Judge.
This is an appeal of a probation revocation. We reverse. Defendant, Rodney Patterson, pled guilty on December 9, 1991 to a charge of distribution of a substance falsely represented to be marijuana in violation of LSA-R.S. 40:971.1. He was sentenced to a term of two years imprisonment. The sentence was suspended and the defendant was placed on active probation for one year. At the time of sentencing the trial judge stated:
In case number 91-331, wherein you have pled guilty to one count of violation of R.S. 40:971.1, false representation of a controlled dangerous substance, the Court will sentence you to two years at hard labor and suspend the imposition of that sentence and place you on one year active probation.
*108 I will order you to pay a $20.00 per month probation fee and order you to undergo drug testing with the Probation Department and if the test is positive, then you are to get treatment.
I also order you to pay court costs.
On January 17,1992, defendant’s probation officer filed a rule to revoke defendant’s probation based on several alleged violations of probation. After a hearing on February 12, 1993, the judge revoked defendant’s probation and sentenced defendant to serve the original sentence of two years at hard labor, with credit for time served.
Defendant requested, and was granted, time to take writs. Defendant also filed a motion for appeal. Although defendant has no right of appeal from the revocation proceedings, this court will exercise its supervisory jurisdiction and consider the matter, treating it as an application for supervisory writs. See State v. Norwood, 587 So.2d 75 (La.App. 5th Cir.1991).
At the revocation hearing, Paul Lamberty, defendant’s probation officer, testified that defendant failed to report to his probation officer and failed to notify the probation department of his change of address. He further testified that defendant failed to pay his court costs, his supervision fee, and failed to submit to drug tests. Defendant also testified at the revocation hearing. He stated that he was living in the streets and had no income at the time.
At the close of the hearing the trial court revoked defendant’s probation, making it clear that the reason for the revocation was the failure to report to the probation officer. Thus, although legally imposed conditions were alleged as a basis for revocation, the decision to revoke was made by the trial court on the basis of failure to report to the probation officer.
It is clear from the transcript that the condition used as the basis of revocation, failure to report to the probation officer, was never imposed by the trial court. LSA-C.Cr.P. art. 895 assigns the authority to impose conditions of probation to the trial court, not to the probation department. Accordingly, any of the conditions of probation listed in the rule to revoke that were not imposed by the trial court were illegal and should not have been used as the basis for defendant’s probation revocation. State v. Norwood, supra; State v. Absent, 578 So.2d 571 (La.App. 5th Cir.1991), writ denied, 584 So.2d 1166 (La.1991).
In its appellate brief the state conceded the fact that defendant’s argument, that the trial court erred when it used the illegal condition of failure to report to the probation officer as grounds for revocation, has merit. We agree. Accordingly, the probation revocation is reversed.
Because we have found reversible error in the trial court’s judgment, we pretermit the review of the record for errors patent.

REVERSED,