STATE OF LOUISIANA

VERSUS

CYRUS LONDON

NO. 24-KH-565

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Wiseman*

Linda Wiseman
First Deputy, Clerk of Court

February 11, 2025

Linda Wiseman
First Deputy Clerk

**IN RE** CYRUS LONDON

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-NINTH JUDICIAL DISTRICT COURT, PARISH OF ST CHARLES, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE CONNIE M. AUCOIN, DIVISION "C", NUMBER 21,375

Panel composed of Judges Susan M. Chehardy,
Marc E. Johnson, and Scott U. Schlegel

**WRIT DENIED**

In this writ application, relator-defendant, Cyrus London, seeks review of

the trial court's October 22, 2024 ruling, revoking his probation. For the following

reasons, we deny the writ.

*Factual and Procedural Background*

On August 23, 2022, defendant pled guilty to one count of possession with

intent to distribute marijuana in violation of La. R.S. 40:966(A)(2). The guilty

plea, which was signed by defendant and his counsel, imposed a five-year

suspended sentence with three years of active probation, and included the

following special conditions of probation:

(1) contact probation officer within 48 hours of sentencing;

(2) comply with the general conditions of probation as set forth in La. C.Cr.P. art. 895;

(3) submit to an evaluation and substance abuse treatment as mandated by probation officer and program director and follow all recommendations for treatment;

(4) pay a $500.00 fine and court costs through the St. Charles Parish Sheriff's Office by August 23, 2024;

(5) reimburse the Public Defender's Office $300.00 through the St. Charles Parish Sheriff's Office by August 23, 2023; and

(6) pay a monthly supervision fee of $30.00 to the Department of Public Safety and Corrections.

On January 12, 2024, defendant was arrested for the following alleged offenses committed on January 4, 2024: (1) false imprisonment, a violation of La. R.S. 14:46, and (2) domestic abuse battery by strangulation, a violation of La. R.S. 14:35.3.  A 72-hour hearing was held on January 16, 2024.  According to the minute entry, his bond was set at $57,500 and included a special condition that he stay away from and have no contact with Keiyma Kennedy.  Although he was given oral notice of the conditions, no written protective order was issued.

On January 25, 2024, defendant's new probation officer, Jason Naquin, filed a letter and Detainer Notification, Affidavit of Probable Cause and Motion for Hearing to Revoke Probation, which alleged:

> (1) defendant failed to refrain from criminal conduct as required by the terms of his probation, having been arrested on charges of domestic abuse battery by strangulation in violation of La. R.S. 14:35.3(L);
>
> (2) defendant failed to pay the monthly $30.00 probation supervision fee;
>
> (3) defendant failed to submit himself to substance abuse treatment as he was told to do on October 27, 2022 by his previous probation officer, Keith Kotoski;
>
> (4) defendant failed to reimburse the Public Defender's Office the $300.00 owed by August 23, 2023; and
>
> (5) defendant failed to pay the $500.00 fine and court costs owed by August 23, 2024.

A bill of information was filed on January 26, 2024, charging defendant with violating La. R.S. 14:35.3(L), domestic abuse battery by strangulation.

The revocation hearing was originally scheduled for February 4, 2024, but was rescheduled a number of times.  The revocation hearing was finally scheduled

and heard on October 22, 2024 after a competency hearing was held, in which defendant was found competent to proceed.

On September 24, 2024, the State amended the charges from the January 26, 2024 bill to a single count of misdemeanor domestic abuse battery. The State also filed a separate bill of information on the same date, charging defendant with violating a protective order in violation of La. R.S. 14:79. Finally, the probation officer filed an amended rule to revoke probation to include the allegations contained within the new bill of information.

The hearing on the rule to revoke probation was held on October 22, 2024. The State first called Officer Naquin, who testified that defendant was placed on probation on August 23, 2022. According to the officer, defendant was informed that one of the conditions of his probation was that he "refrain from criminal conduct." Officer Naquin also testified that after defendant's arrest on January 12, 2024 for domestic abuse battery by strangulation, the district court ordered defendant to "stay away" from the victim of the domestic abuse battery charge. Defendant was subsequently charged with violating the "stay away" order. Next, Officer Naquin testified that defendant was ordered by the Court to complete a substance abuse examination and/or treatment while on probation. Defendant was again informed of this requirement at the time of his probation intake appointment on October 27, 2022. Officer Naquin stated that as of the date of the revocation hearing, defendant had not provided him with any documentation that this substance abuse requirement had been fulfilled. Finally, the officer stated that defendant still had outstanding court costs and fees.

On cross-examination, Officer Naquin testified that he took over defendant's supervision in November 2023 but had not met with defendant during the two-month period he had been supervising the defendant (before his arrest in January

2024).  According to the officer, defendant's probation was set to expire on August 25, 2025.

Following the hearing, the district court revoked defendant's probation, and gave the following oral reasons:

> Number one, Mr. Cyrus London failed to complete and provide proof of any substance abuse evaluation that was ordered since October 22nd of 2022.
>
> It is not in the record that has been made a part of this Court record nor was it provided to Probation and Parole, as it was not in their record; that there was a period of October 2022 until his arrest and incarceration in January of 2024, over a year, where he failed to comply with that condition.
>
> Number two, Mr. London paid nothing towards supervision fees.  He did not reimburse the Public Defender's office, and the only payment toward his fines and costs was an income tax interception, which occurred in the amount of $185.
>
> Finally, and most importantly, he did not refrain from criminal conduct as the testimony and judicial notice of the record provides.
>
> On January 16, 2024 at his 72-hour hearing, for which Mr. Cyrus London was present, he was advised on the record that he was to stay away and have no contact with the victim in this matter, Keiyma Kennedy.  Mr. London continued according to the evidence introduced at trial today, to contact Ms. Kennedy at the number which was associated with her and via jail log, via his account and invoice [*sic*] recognition over a thousand times since that Stay Away Order was issued.
>
> There is not an issue with respect to service of that Stay Away Order, because Mr. London was notified in person at his 72-hour hearing from me via zoom, that he was to stay away and have no contact with Ms. Kennedy, to which he indicated his understanding.
>
> Based upon the substance of the conversations subsequent to that order, Mr. London was aware of the Stay Away Order because he communicated regarding the Stay Away Order to the victim in this case that he was ordered to stay away from.

Defendant timely filed the instant writ application, contending that the district court erred in revoking his probation.

### *Analysis*

Defendant argues that the revocation of his probation is not supported by law because: (1) the district court improperly based its decision, in part, on defendant's inability to pay fines and fees, a practice explicitly prohibited by La. C.Cr.P. art. 894.4; (2) the State presented no evidence to suggest that defendant

had failed to complete the required substance abuse evaluation; and (3) the alleged violation of a protective order was baseless because no valid protective or stay-away order was ever documented, issued, filed, or served on him.

The State responds that defendant violated the terms of his probation and that his probation was properly denied based solely on the fact that he: (1) failed to complete or provide any proof of any substance abuse evaluations or treatment that he had been told to complete since October 2022; and (2) made no voluntary payments towards his monetary obligations.

La. C.Cr.P. art. 900 sets forth the actions that the trial court may take in the event it finds that "defendant *has violated, or was about to violate*, a condition of his probation." (Emphasis added.) Specifically, La. C.Cr.P. art. 900 provides in pertinent part in section A:

> A. ... If the court decides that the defendant has violated, or was about to violate, a condition of his probation, it may:
>> (1) Reprimand and warn the defendant.
>> (2) Order that supervision be intensified.
>> (3) Add additional conditions to the probation.
> ***
>> (5) Order that the probation be revoked. In the event of revocation the defendant shall serve the sentence suspended, with or without credit for the time served on probation at the discretion of the court. If the imposition of sentence was suspended, the defendant shall serve the sentence imposed by the court at the revocation hearing.
> ***

The trial court has wide discretion in revoking defendant's probation. *State v. Rexford*, 95-152 (La. App. 5 Cir. 06/28/95), 658 So.2d 27, 29; *State v. Smith*, 618 So.2d 441, 443 (La. App. 5 Cir. 1993); *State v. Hollywood,* 24-397 (La. App. 5 Cir. 2024), 2024 WL 5265698 at *3 (unpublished writ disposition). This Court will not reverse the trial court's decision absent an abuse of that discretion. *Rexford*, 658 So.2d at 29. In addition, La. C.Cr.P. art. 900(D) contemplates that the defendant be given an opportunity to explain mitigating circumstances relating

to the violation before the trial court decides whether to revoke his probation. *Hollywood*, *supra*, *citing State v. Rochelle*, 38,633 (La. App. 2 Cir. 06/23/04), 877 So.2d at 255 and *State v. Lucas*, 385 So.2d 253, 254 (La. 1980).

Defendant offered no evidence that he was evaluated and provided no explanation at all as to why he did not even start his substance abuse evaluation and/or treatment. He was ordered by the court to "submit to an evaluation and substance abuse treatment as mandated by probation officer and program director and follow all recommendations for treatment" at the time of his plea on August 23, 2022, and again told by his probation officer at intake on October 27, 2022. But he failed to do so.

Defendant attempts to shift the burden of proof onto the State by arguing that "the State failed to present any evidence that Mr. London did not complete the substance abuse evaluation required under his probation terms." However, the State presented the testimony of Officer Naquin that defendant failed to provide any proof that defendant made any attempt to do any of the substance abuse evaluations or treatment that he was required to complete.

In *Hollywood*, *supra*, we denied the defendant's writ disposition and found that the defendant failed to make a good faith effort to complete his court ordered domestic violence intervention treatment program within 40 weeks of sentencing. Similar to the instant case, the defendant in *Hollywood*, failed to offer any valid explanation for his lack of effort. We further pointed out in *Hollywood* that a defendant's lack of desire to rehabilitate himself was a valid justification to uphold a trial court's revocation of probation. *Id.* at 4. We further reasoned:

> Louisiana courts have upheld revocation where the probationer was not motivated toward rehabilitation. In *Smith*, 618 So.2d at 443, defendant argued that the trial court should have imposed less onerous sanctions for his failure to comply with the conditions of his probation, instead of revoking his probation, considering his lack of criminal history, the nature of his offenses, and his apparent limited capabilities. This court, upon review of the revocation hearing transcript, found that defendant 'made no attempt to

fulfill any of the conditions of probation and was not motivated toward rehabilitation.' This court held that the trial court's revocation of defendant's probation was not an abuse of the trial court's discretion. *Id. See also State ex rel Dunkley v. Alford*, 450 So.2d 414, 415 (La. App. 4 Cir. 1984), in which that court found that the trial court did not abuse its discretion in revoking the defendant's probation considering its finding that defendant, by his prior actions, clearly indicated that he did not possess a strong desire to rehabilitate himself.

*Id*.

Based on the evidence submitted at the revocation hearing, we find that the trial court did not abuse its discretion by revoking defendant's probation.

Defendant violated his probation by continuously failing to complete his substance abuse evaluation and treatment as ordered by the trial court. Based on this factor alone, we find that the trial court did not abuse its discretion in revoking defendant's probation. Defendant was clearly not motivated toward rehabilitation.

Accordingly, this writ application is denied.

Gretna, Louisiana, this 11th day of February, 2025.

**SUS**
**SMC**
**MEJ**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **02/11/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-KH-565**

### E-NOTIFIED

29th Judicial District Court (Clerk)
Honorable Connie M. Aucoin (DISTRICT JUDGE)
Louis G. Authement (Respondent)     Jerome W. Matthews, Jr. (Relator)

### MAILED

Honorable Joel T. Chaisson, II
(Respondent)
District Attorney
Twenty-Ninth Judicial District Court
Post Office Box 680
Hahnville, LA 70057