308 So.2d 760 (1975)
STATE of Louisiana ex rel. Richard J. BERTRAND
v.
Elayn HUNT, Director, Department of Corrections.
No. 55311.
Supreme Court of Louisiana.
February 24, 1975.
Frank J. Uddo, Uddo & Gertler, New Orleans, for plaintiff-relator.
*761 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ralph E. Tyson, Staff Atty., Baton Rouge, for defendant-respondent.
SUMMERS, Justice.
Relator Richard J. Bertrand is presently confined in the Walls Unit of the Texas Department of Corrections at Huntsville, Texas. His minimum discharge date is January 7, 1980 and his maximum discharge date is November 2, 1985.
In October, 1964, Bertrand was convicted of the crime of armed robbery and sentenced to a term of seven years imprisonment in the Louisiana State Penitentiary. In March, 1968, Bertrand was paroled from the Louisiana State Penitentiary and, after he received permission to leave this state, his parole supervision was transferred to the Texas Department of Corrections. Subsequently, in March, 1971, Bertrand was convicted of the crime of rape in Harris County, Texas, and sentenced to fifteen years in the custody of the Texas Department of Corrections. Again, in April, 1971, Bertrand pleaded guilty to the crime of theft in Harris County, Texas and received a ten year sentence to imprisonment in Texas.
On or about April 28, 1971, a detainer was placed against Bertrand by the Texas Department of Corrections based upon a warrant, issued by the Louisiana Department of Corrections, charging him with violation of his Louisiana parole. The basis for the Louisiana warrant was the fact that the relator had been convicted of two serious criminal offenses while on Louisiana parole.
In April, 1974, Bertrand, through counsel, made demand upon the Louisiana Department of Corrections to either withdraw the detainer or grant him a parole revocation hearing. Pursuant to this request and after a twenty day notice in writing to Bertrand setting forth the time, place and date thereof, On-Site Hearing (comparable to a preliminary hearing) was conducted on April 23, 1974, by the Texas Department of Corrections on behalf of Louisiana authorities. The purpose of this hearing, as the notice set forth, was to gather facts concerning the alleged violations of parole, specifically: "Failure to obey Texas State laws by conviction for the offenses of Rape and Theft."
According to the report of the proceedings prepared by the hearing officer, the hearing was conducted in Huntsville, Texas before the hearing officer. A supervisor was present as a witness and to present the evidence. Bertrand was represented by counsel. The supervisor read the allegations contained in the notice to Bertrand, that he was charged with failure to obey Texas State laws in that he was convicted of the offenses of rape and theft. Bertrand acknowledged to those present that he had indeed been convicted for the two offenses. Evidence of the convictions was then presented, which Bertrand acknowledged to be true.
Thereafter, Bertrand's attorney demanded a hearing before the Louisiana Parole Board and further objected that the hearing was not held where Bertrand had been arrested. The hearing then terminated with a determination by the hearing officer that Bertrand had violated a condition of his Louisiana parole by his failure to obey Texas law.
Bertrand then filed a petition on June 19, 1974 for a writ of mandamus in the District Court of East Baton Rouge Parish, Louisiana, seeking to compel the Director of the Louisiana Department of Corrections to conduct a final revocation hearing on the alleged parole violation, or, in the alternative, to withdraw the detainer placed against him. This petition was denied by the district court on June 25, 1974. Bertrand then applied to this Court to review that judgment, asserting that he was entitled to a parole revocation hearing as required by the decision of the United States Supreme Court in the case of Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).
*762 Certiorari was granted to determine whether the Due Process Clause of the Fourteenth Amendment as interpreted and applied in Morrissey v. Brewer requires the Board of Parole of the Department of Corrections of the State of Louisiana to grant Bertrand a speedy, final parole revocation hearing.
In Morrissey v. Brewer two Iowa convicts whose paroles were revoked by the Iowa Board of Parole filed habeas corpus petitions alleging that they were denied due process because their paroles were revoked without a hearing. On certiorari, the United States Supreme Court observed that the record did not indicate that the habeas petitioners had received hearings promptly after their paroles were revoked, or that in such hearings they admitted the violations. Accordingly, the Court concluded that it must treat the case in the posture of the record before it. Those facts were that the petitioners were at liberty on parole and at the direction of their parole officers, they were arrested as parole violators and incarcerated. One week later, after review of the parole officer's written report, nothing more, Morrissey's parole was revoked and he was returned to the penitentiary. Brooker, the other habeas petitioner's situation was much the same.
Ultimately, after an in depth consideration of due process requirements for parole revocation hearings on the basis of the facts in the record, the Court noted the absence of an adequate record and remanded the case with directions, stating:
"If it is determined that petitioners admitted parole violations to the Parole Board, as [Iowa] contends, and if those violations are found to be reasonable grounds for revoking parole under state standards, that would end the matter."
The lesson Morrissey teaches is unmistakable and clear. If the parolee admits violation, nothing else is required. Due process has been satisfied. In the case at bar the violations (rape and theft) were two times admitted at the hearing. They "are found to be reasonable grounds for revoking parole under state standards". Louisiana's statutory law fixes the "state standards" in these words: "When a prisoner is released on parole, the board shall require as a condition of his parole that he refrain from engaging in criminal conduct...." La.R.S. 15:574.4(H). Thus, as the Morrissey Court declared, that should "end the matter." "Obviously a parolee cannot relitigate issues determined against him in other forums, as in the situation presented when the revocation is based on conviction of another crime." Ibid, at 490, 92 S.Ct. at 2605.
However, counsel for Bertrand wants another hearing in Louisiana, where he "was arrested", to establish, it is presumed, the identical facts which were admitted at the hearing in Huntsville, Texas. A hearing where Bertrand "was arrested" would properly be held in Harris County, Texas, where the offenses which resulted in his parole violation occurred. His sentence to incarceration in Huntsville, Texas, was actually the ultimate fact which constituted the parole violation and the hearing there was both proper and timely, soon after he requested it.
"[T]he revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations." Morrissey v. Brewer, supra.
Minimum due process requirements set forth in Morrissey were not intended to be fully applicable when the parole revocation is, as here, based upon the parolee's conviction of other crimes. The preliminary hearing under the Morrissey standards requires some minimal inquiry to be conducted at or reasonably near the place of the alleged parole violation or arrest, promptly after the arrest, with a determination of reasonable grounds for revocation of parole by someone not directly involved in the case. The parolee should be *763 given notice of the hearing, he may appear and speak in his own behalf, bring evidence and witnesses, and question witnesses against him. A summary of the proceedings shall be prepared by the hearing officer.
The final hearing on the parole violation ordained by Morrissey is more formal and leads to a final evaluation of the facts to determine whether they warrant revocation. These minimum requirements must be met: (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" bearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the fact finders as to the evidence relied on and reasons for revoking parole.
While the preliminary hearing which was held in the instant case may still be required when the parole revocation is based upon the parolee's conviction of other crimes, the final revocation hearing could be nothing but superfluous since there is only one conclusion that can be reached by the hearing bodythat the parolee was in fact convicted of other crimes while on parole and that his conviction constitutes a violation of one of the conditions of parole.
This conclusion is further supported by the fact that the arrest and prosecution of a parolee for a criminal offense is, in itself, adequate protection against the evils and possible abuses which Morrissey was intended to guard against. The parolee's trial in a court of law, under the strict standards of proof required in a criminal prosecution and the rules of evidence and procedure which apply to such a proceeding, afford the parolee far more protection than do the hearing procedures set forth in Morrissey.
We are satisfied that the process due Bertrand has been satisfied.
For the reasons assigned, the writ is recalled, and the judgment of the trial court is affirmed.
BARHAM, J., concurs.