**Thomas PICKENS,**
**Petitioner-Appellant, Cross-Appellee,**

v.

**Robert H. BUTLER, Jr., Warden, Louisiana State Penitentiary, and William Guste, Jr., Attorney General of the State of Louisiana, Respondents-Appellees, Cross-Appellant.**

No. 86–3354.

United States Court of Appeals,
Fifth Circuit.

April 14, 1987.

Michael S. Walsh, (Court-appointed), Baton Rouge, La., for petitioner-appellant, cross-appellee.

Joseph Erwin Kopsa, J. Marvin Montgomery, Asst. Attys. Gen., Kay Kirkpatrick, Asst. Dist. Atty., Baton Rouge, La., for respondents-appellees, cross-appellant.

Before WILLIAMS, JOLLY and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Thomas Pickens appeals from the district court's denial of his application for writ of habeas corpus. We affirm.

---

## I.

Thomas Pickens was paroled from the Louisiana Department of Corrections in May 1971. A short time later, Pickens left Louisiana and traveled to California without informing parole authorities of his whereabouts.

In January 1977, Pickens was arrested under an assumed name in California for armed robbery and assault. When the Louisiana authorities were notified of Pickens' arrest, they forwarded a warrant to California seeking his arrest for parole violations. This warrant was lodged as a detainer against Pickens; Pickens was later convicted in California and sentenced to a term of incarceration.

On July 16, 1979, while Pickens was still incarcerated in a California prison, a preliminary hearing was held on the Louisiana parole violation charge. Pickens received notice of the charge and was present at the hearing. At this hearing, Pickens admitted that he had fled Louisiana while on parole and been convicted of felonies in California; the California hearing officer found probable cause to believe Pickens had violated the conditions of his Louisiana parole.

The record of the California hearing was forwarded to the Louisiana Board of Parole (Board) which, on June 9, 1980, acting on the authority of its own regulations, automatically revoked Pickens' parole without a further hearing. Pickens was notified of this decision by letter. California later released Pickens to the Louisiana authorities on June 29, 1982, and he was reincarcerated in Louisiana on July 21, 1982.

After exhausting his Louisiana habeas remedies, Pickens began this federal habeas proceeding in the district court. The district court referred Pickens' petition to a magistrate for decision after both parties consented to the reference. The magistrate found that the June 9, 1980 parole revocation was a nullity because the state failed to give Pickens the due process required by the Court in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 848 (1972). The magistrate granted the writ but stayed its issuance for thirty days to give Louisiana an opportunity to conduct a final revocation hearing.

Pickens appealed to the district court the portion of the magistrate's order staying issuance of the writ; Louisiana took no appeal. The district court agreed with the magistrate that the writ should issue unless the state conducted a hearing. The district court remanded the case to the magistrate so that if the state granted a hearing, the magistrate could determine whether the delay in holding the final hearing was unreasonable and whether Pickens had been prejudiced by this delay.

The Board gave Pickens a final revocation hearing on October 23, 1985. Pickens received oral notice of the hearing and was present. Pickens was informed that he had violated his parole conditions because of his California felony convictions and his unauthorized departure from Louisiana. Pickens did not respond to these charges and the Board revoked his parole.

On remand, the magistrate determined that: (1) the delay in holding the final revocation hearing on October 23, 1985, was unreasonable; (2) Pickens had been prejudiced by this delay; and (3) the final revocation hearing did not comport with due process. The magistrate then granted the writ. Louisiana appealed this order to the district court; the court disagreed with the magistrate on each of the above conclusions and reversed.

## II.

This appeal presents the question whether the procedure Louisiana provided Pickens was constitutionally adequate under the teaching of *Morrissey v. Brewer*.

### A.

Before the court announced its decision in *Morrissey*, most courts considered a parole revocation hearing a matter of legislative grace and not a procedure required by the constitution. *Loper v. Beto*, 440 F.2d 934, 941 & n. 20 (5th Cir.1971), *vacated on other grounds*, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972); *Earnest v. Willingham*, 406 F.2d 681, 682 (10th Cir.1969) (cit-

ing *Escoe v. Zerbst*, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566 (1935)). In *Morrissey*, the Supreme Court held that a parolee's liberty "is valuable and must be seen as within the protection of the Fourteenth Amendment" and that its termination required "some orderly process, however informal." 408 U.S. at 482. The Court required this informal process "to assure that the finding of a parole violation will be based on verified facts and that the *exercise of discretion will be informed* by an accurate knowledge of the parolee's behavior." *Id.* at 484, 92 S.Ct. at 2601 (emphasis added).

The court directed that hearings be held at two stages of the proceedings. First, a preliminary probable cause hearing was to "be conducted at or reasonably near the place of the alleged parole violation or arrest and as promptly as convenient after arrest while information is fresh and sources are available." *Id.* at 485, 92 S.Ct. at 2602. Pickens received a preliminary hearing in accordance with these requirements and does not contest the adequacy or validity of that hearing.

*Morrissey* also requires the state to conduct a final revocation hearing within a reasonable time after the parolee is taken into custody. The purpose of this hearing is to give the parolee an opportunity to show that he did not violate parole conditions or if he did, that the violation does not warrant revocation. *Id.* at 488, 92 S.Ct. at 2603.

Pickens contends that the final hearing the state gave him in October 1985 was deficient in at least two respects; he argues that he received inadequate notice of the hearing and the state failed to conduct the hearing within a reasonable time after the state took custody of him. Before considering the adequacy of Pickens' October 1985 hearing, however, we first turn to the threshold question of whether Louisiana was required to give Pickens a final hearing following his felony conviction in California; this presents the legal issue of whether *Morrissey* prohibits Louisiana from imposing a mandatory, automatic rev-

ocation of parole if the parolee is convicted of a felony?

Pickens argues that *Morrissey* prohibits the state from ever automatically revoking parole without giving the parolee a hearing. His argument is not without support; two circuits interpret *Morrissey* to prohibit a state from revoking parole without giving the parolee a final hearing even if the revocation was predicated on the parolee's conviction of a felony. *Heinz v. McNutt*, 582 F.2d 1190 (9th Cir.1978); *Moss v. Patterson*, 555 F.2d 137 (6th Cir.), *cert. denied sub nom, Kette v. Moss*, 434 U.S. 873, 98 S.Ct. 221, 54 L.Ed.2d 153 (1977). *See also Shepard v. United States Board of Parole*, 541 F.2d 322, 324 (2d Cir.1976), *vacated on other grounds*, 429 U.S. 1057, 97 S.Ct. 779, 50 L.Ed.2d 773 (1977).

But, in *Black v. Romano*, 471 U.S. 606, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985), the Supreme Court made it clear that *Morrissey* did not consider the hearing requirements of "a revocation proceeding in which the factfinder was required by law to order incarceration upon finding that the defendant had violated a condition of ... parole." *Id.* at 612, 105 S.Ct. at 2258, 85 L.Ed.2d at 643. "Thus, the Court's discussion of the importance of the informed exercise of discretion did not amount to a holding that the factfinder in a revocation proceeding must, as a matter of due process, be granted discretion to continue ... parole." *Id.*

Our reading of *Black* persuades us that the Court in *Morrissey* did not hold that a state is prohibited from declaring that parole will be automatically revoked for serious violations such as conviction of a felony. *Black* also teaches that it is only where the factfinder has discretion to continue parole that the parolee is entitled to show an excuse for the violation or that revocation is not appropriate. *See id.*

■ Thus, if the Board in this case was required by Louisiana law to revoke Pickens' parole following his California felony conviction and had no discretion to continue parole, the Board was not required to give him a final revocation hearing. The only question that remains is whether as a matter of Louisiana law the Board of Parole

had discretion to continue Pickens' parole following his conviction of a felony in California. We now turn to that issue.

### B.

Louisiana clearly requires automatic parole revocation when a parolee is convicted of a felony *in Louisiana.* In such a case, "parole shall be deemed revoked as of the date of the commission of the felony." La. Rev.Stat.Ann. § 15:574.10.

Whether Louisiana requires automatic parole revocation if the parolee receives a felony conviction outside Louisiana is not as clear. No Louisiana statute facially requires automatic parole revocation following an out-of-state conviction. The relevant statute provides that the Board *"may* order revocation upon a determination that: ... [t]he violation of [the parole] condition involves the commission of another felony, ...." La.Rev.Stat.Ann. § 15:574.9B(2) (emphasis added).

Because this statute does not provide for automatic parole revocation following an out-of-state conviction, Pickens argues that parole revocation predicated on this ground must remain within the discretion of the Board. Because revocation is discretionary rather than automatic, Pickens contends that *Morrissey* required the state to give him a final hearing.

If the Board had issued no regulations concerning the procedure to be followed in parole revocation, Pickens' argument would have considerable force; but the Board's regulations undercut Pickens' position.

Acting under a broad grant of authority from the legislature,[1] the Board has made conviction of a new felony in another state mandatory grounds for revocation of parole. The pertinent regulation provides:

A person on parole from Louisiana who is convicted of a new felony conviction in another state, *will have his parole revoked,* and will be returned to Louisiana to complete his paroled sentence as soon as he is released to Louisiana custody. He will be given a prerevocation hearing in the state in which the new offense is committed, but will not receive a final revocation hearing in Louisiana when he is returned.

Rules, Regulations, Procedures, Criteria, Policies, and Guidelines of the Louisiana Board of Parole X, A., 1.b. (adopted as revised October 23, 1978) (emphasis added). *See also* Rule X, E., 8.

Unless these regulations conflict with affirmative legislative enactments, they have the effect of law because they were obviously adopted by the Board under its authority to administer parole. *Thompson v. Pest Control Commission of Louisiana,* 75 So.2d 406, 409–10 (La.App.1954).

The Board's rule does not conflict with any statutory provisions. Louisiana Revised Statute Section 15:574.9B(2) authorizes the Board to revoke parole if the parolee commits a felony; the statute does not prohibit the Board from adopting regulations making revocation automatic in such cases.[2] See La.Rev.Stat.Ann. § 15:574.9B(2).

*Bertrand v. Hunt,* 308 So.2d 760 (La. 1975) also supports our conclusion. In *Bertrand,* the Louisiana parolee was convicted of felonies in Texas. The Louisiana authorities issued a warrant charging Bertrand with parole violations due to his felony convictions. Texas authorities gave Bertrand a preliminary hearing and determined that he had violated his Louisiana

---

1. The Board is empowered "[t]o determine and impose sanctions for violations of the conditions of parole" and "adopt rules not inconsistent with law as it deems necessary and proper with respect to ... the conduct of parole hearings of conditions imposed upon parolees." La. Rev.Stat.Ann. § 15:574.2C(2) & (7).

2. Louisiana Revised Statute section 15:574.9A requires the Board to hold a hearing within thirty days of a parolee's return to incarceration to determine whether his parole should be revoked. See La.Rev.Civ.Stat.Ann. § 15:574.9A. Thus, an arguable conflict exists between the Board's regulations and this statute. But, we interpret this section as applying to cases in which the Board has discretion to continue parole, the only cases in which a hearing is required. We therefore find no conflict between the Board's regulations and this statutory provision.

parole conditions. Bertrand then sought to compel the Louisiana authorities to provide him with a final revocation hearing. This relief was denied by a Louisiana trial court and Bertrand appealed to the Louisiana Supreme Court. The Louisiana Supreme Court affirmed and held that the United States Constitution, as interpreted by the Court in *Morrissey*, did not require the state to give Bertrand a final revocation hearing. Although the court did not discuss whether a final revocation hearing was required by Louisiana law, we interpret that court's denial of a hearing to Bertrand as an implicit holding that Louisiana law does not require such a hearing.

## CONCLUSION

We conclude as a matter of Louisiana law that parole revocation is mandatory if the Louisiana parolee is convicted of a felony either in Louisiana or another state. Because Pickens' parole revocation was mandatory and automatic following his California felony conviction, the United States Constitution does not require Louisiana to give him a final revocation hearing. Because Pickens has received all the process that is due him and was entitled to no final hearing, we need not consider his arguments directed at claimed deficiencies in his final revocation hearing.

AFFIRMED.