James L. Francisco Chairman, Kansas Parole Board Landon State Office Building Room 452-S 900 Jackson Street Topeka, Kansas 66612-1220
Dear Mr. Francisco:
As chairman of the Kansas parole board (board), you request our opinion regarding whether the board must conduct a parole revocation hearing for a person who was released on parole or conditional release prior to July 1, 1993, and while on parole or conditional release committed a new felony offense after July 1, 1993.
Action by the parole board in the revocation of parole involves a liberty interest which is within the protection of the fourteenth
amendment to the United States constitution. Morrissey v. Brewer,408 U.S. 471, 481, 482, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Parker v.State, 247 Kan. 214, 216 (1990); 59 Am.Jur.2d Pardon and Parole sec. 99 (1987). The United States Supreme Court held in Morrissey, supra, that two hearings must be conducted during the process of revoking parole. Initially, the parolee must be granted a preliminary probable cause hearing, the purpose of which is to determine whether there is probable cause to believe the parolee has committed a parole violation. Id at 497. Secondly, the parolee must be granted an opportunity through a final revocation hearing to be heard and to show, if possible, that the parolee did not violate the conditions of parole or, if the parolee did violate the conditions, that mitigating circumstances suggest that the violation does not warrant revocation of parole. Id at 498. FollowingMorrissey, it was determined that even a conviction and attendant incarceration did not obviate the need for a specific determination as to revocation of parole, and a revocation hearing was required for a parolee who was convicted of an offense committed while on parole. Heinz v.McNutt, 582 F.2d 1190, 1194 (9th Cir. 1978); Moss v. Patterson,555 F.2d 137, 138, (6th Cir. 1977); Shepard v. United States Board ofParole, 541 F.2d 322, 324, (2nd Cir. 1976). However, in Black v. Romano,471 U.S. 606, 612, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985), the United States Supreme Court determined that in situations in which the violation of conditions of parole results in the automatic and nondiscretionaryrevocation of parole, a revocation hearing is not required. See alsoSneed v. Donahue, 993 F.2d 1239, 1244 (6th Cir. 1993); United States v.Cornog, 945 F.2d 1504, 1512 (11th Cir. 1991); Pickens v. Butler,814 F.2d 237, 239 (5th Cir. 1987), cert. denied, 484 U.S. 924,108 S.Ct. 284, 98 L.Ed.2d 245 (1987).
 "The Supreme Court in Morrissey clearly instructed that the purpose of a final revocation hearing is to give the parolee an opportunity to present facts challenging the determination that [the parolee] has violated a condition of parole and to present all circumstances surrounding the violation to the parole authority so that it may exercise its discretion in a fully informed manner." Sneed, 993 F.2d at 1243 (emphasis in original).
 Morrissey does not require that a parole authority be given discretion regarding when to revoke a parolee's parole status; rather, it simply requires that where such discretion is given, a revocation hearing is required. Black, 471 U.S. at 612; Sneed, 993 F.2d at 1244. Thus, if the board is required by law to revoke the parolee's parole status following a conviction for a crime committed while on parole and has no discretion to continue parole, the board is not constitutionally required to conduct a revocation hearing.
The procedure to be followed in revoking a parolee's parole status in Kansas is set forth in K.S.A. 1993 Supp. 75-5217. (The effect of an amendment of the statute in section 82 of 1994 H.B. 2332, with an effective date of July 1, 1994, is not addressed in this opinion.) At any time during release on parole, conditional release, or post-release supervision, the secretary of corrections may issue a warrant for the arrest of a released inmate for violation of any of the conditions of release. Upon such arrest or detention, the parole officer must submit to the secretary of corrections a written report outlining the manner in which the released inmate violated the conditions of release.
 "After such notification is given to the secretary of corrections, or upon an arrest by warrant as herein provided, and the finding of probable cause pursuant to procedures established by the secretary of a violation of the released inmate's conditions of release, the secretary shall cause the released inmate to be brought before the Kansas parole board, or its designee or designees, for a hearing on the violation charged, under such rules and regulations as the board may adopt. . . . If the violation is established to the satisfaction of the Kansas parole board, the board may continue or revoke the parole or conditional release, or enter such other order as the board may see fit. Revocations of release of inmates who are on a specified period of postrelease supervision for a crime committed on or after July 1, 1993, shall not exceed a 90-day period of confinement from the date of the revocation hearing before the board, if the violation does not result from a conviction for a new felony or misdemeanor." K.S.A. 1993 Supp. 75-5217 (emphasis added).
The procedure set forth in K.S.A. 1993 Supp. 75-5217 has been in effect since 1973, with only minor modifications. L. 1973, ch. 339, sec. 23. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. Martindale v. Tenny, 250 Kan. 621, 629
(1992). Clearly, K.S.A. 1993 Supp. 75-5217 requires that, following a finding of probable cause, the secretary of corrections bring a parolee before the board for a hearing on the violation charged. If the violation is established to the satisfaction of the board, the board then has the discretion to continue or revoke the parole or conditional release, or enter such other order as the board may see fit. Therefore, the revocation hearing is required by both the United States constitution and state statute.
Confusion regarding the requirement for conducting revocation hearings has occurred in part due to amendments to K.S.A. 1993 Supp. 22-3717. K.S.A. 1993 Supp. 22-3717 was amended twice during the 1994 legislative session. See 1994 S.B. 552, sec. 1 (effective March 24, 1994, 1994 S.B. 552, sec. 4); 1994 H.B. 2332, sec. 66 (effective July 1, 1994, 1994 H.B. 2332, sec. 94). Prior to March 24, 1994, K.S.A. 1993 Supp. 22-3717
provided in part:
 "(f) If an inmate is sentenced to prison for a crime committed after July 1, 1993, while on parole or conditional release for a crime committed prior to July 1, 1993, the old sentence shall be converted into a determinate sentence and will run consecutive to the new sentence as follows:
 "(1) Twelve months for class C, D or E felonies or the conditional release date whichever is shorter;
 "(2) 36 months for class A or B felonies or the conditional release date whichever is shorter."
At best, this provision provides only an implication that the board exercises no discretion regarding the revocation of parole of certain parolees who are imprisoned upon conviction for a crime committed while on parole, rather than providing a clear intent as was reviewed in Sneed,Cornog, and Pickens. K.S.A. 1993 Supp. 22-3717 must be read in light of the clear obligation set forth in K.S.A. 1993 Supp. 75-5217. As noted above, the secretary of corrections is under a duty to bring a parolee before the board for a hearing on the violation charged. K.S.A. 1993 Supp. 75-5217 makes no distinctions regarding which parolees are to be brought before the board. If the board determines that a violation has occurred, the board may continue or revoke the parole or conditional release, or enter such other order as the board may see fit. Because of the obligation established in K.S.A. 1993 Supp. 75-5217, it is determined that the provisions of K.S.A. 1993 Supp. 22-3717 do not remove the discretion of the board in revoking parole. Rather, K.S.A. 1993 Supp.22-3717 provides the term of imprisonment to be served upon the determination by the board that parole should be revoked. The board remains under a statutory duty to conduct a revocation hearing for a parolee who, while on parole for a crime committed prior to July 1, 1993, commits a crime after July 1, 1993.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
RTS:JLM:RDS:jm