706 So.2d 423 (1997)
STATE of Louisiana
v.
Michael BLACK.
No. 97-KP-0774.
Supreme Court of Louisiana.
December 12, 1997.
*424 Anthony P. Lewis, Thibodaux, Terrell J. Myles, Houma, for Applicant.
Richard P. Ieyoub, Attorney General, Baton Rouge, Joseph L. Waitz, Jr., District Attorney, Houma, Ellen M. Daigle, Baton Rouge, Juan W. Pickett, Houma, for Respondent.
PER CURIAM:[*]
We granted writs to resolve the split in the courts of appeal on the question of whether an affidavit must accompany a rule to revoke probation, a question this Court has not treated in depth. See State v. Duhon, 95-2724, p. 8 (La. 5/21/96), 674 So.2d 944, 946; State ex rel. Baham v. State, 577 So.2d 24 (La.1991). Although one court of appeal has held that no supporting affidavit need accompany the warrant or summons issued under La.C.Cr.P. art. 899, see State v. Loren, 587 So.2d 162 (La.App. 4th Cir.1991), other appellate courts have reached the opposite conclusion. See, e.g., State v. Norwood, 587 So.2d 75 (La.App. 5th Cir.1991); State v. Mims, 552 So.2d 664 (La.App. 2nd Cir.1989); State v. O'Doyle, 539 So.2d 1273 (La.App. 3rd Cir.1989). Because we find no constitutional or statutory basis for the affidavit requirement, we now affirm the lower courts' denial of relief in the instant case.
Under La.C.Cr.P. art. 899(A), the district judge may issue a warrant for a probationer's arrest "for violation of any of the conditions of probation" or may issue a summons for the probationer to appear "to answer to a charge of violation or threatened violation" of those conditions. In addition, under La. C.Cr.P. art. 899(B), a probation officer may issue a written or oral detainer authorizing the arrest of a probationer if the officer has "reasonable cause to believe" that a violation has occurred or is imminent, or in case of emergency. Notably, neither art. 899(A) nor art. 899(B) makes any reference to affidavits. The courts of appeal imposing an affidavit requirement have looked to La.C.Cr.P. art. 202 (Warrant of arrest; issuance) and have applied that article's warrant requirement to probation revocation proceedings. The courts of appeal have also treated a rule to revoke probation as the equivalent of a summons and have imposed the same affidavit requirement. See, e.g., State v. Krummel, 593 So.2d 1368, 1369 (La.App. 5th Cir.), writ denied, 597 So.2d 1028 (La.1992). In so doing, the courts have assumed that a probationer occupies a position similar to that occupied by an individual who has not been convicted of a crime but instead has merely come under suspicion. In this view, the same procedural safeguards should apply to each.
However, "[a] probationer has a different status. He has already been convicted of a crime, has had a sentence of imprisonment imposed and remains free not by right but solely by the exercise of the trial judge's discretion...." Loren, 587 So.2d at 163. In fact, jurisprudence has long established that while probationers facing revocation retain some constitutional and statutory rights, those rights do not in every instance match those enjoyed by non-criminals facing trial. See, e.g., Morrissey v. Brewer, 408 U.S. 471, 480, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972) ("the full panoply of rights due a defendant in [a criminal] proceeding does not apply to ... revocations"); Gagnon v. Scarpelli, 411 U.S. 778, 790-91, 93 S.Ct. 1756, 1763-64, 36 L.Ed.2d 656 (1973) (depending on circumstances, right to counsel may or may not apply to revocation proceedings); Duhon, 95-2724 at 2-3, 674 So.2d at 945 (technical requirements for affidavit as set out in La.C.Cr.P. art. 385 do not apply to revocation proceedings); State v. Davis, 375 So.2d 69, 72, 75 (La.1979) (revocation proceedings distinguishable from trials by "critical differences" so "formal rules of evidence do not apply in revocation hearings;" exclusionary rule of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), applies only if bad faith shown); State v. Harris, 368 So.2d 1066, 1073 n. 13 (La.1979) (not every *425 probationer facing revocation is "entitled to compulsory process in order to have live witnesses present at the hearing"); State v. Lassai, 366 So.2d 1389, 1390 (La.1978) ("the Miranda [v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)] rule has not been extended to probation hearings"); State v. Fields, 95-2481, p. 6 (La.App. 1st Cir. 12/20/96), 686 So.2d 107, 110 (under La.C.E. art. 1101(B)(3), "the rules of evidence are relaxed in probation revocation proceedings;" hearsay rules do not apply); State v. Curtis, 28,309, p. 3 (La.App. 2d Cir. 8/21/96), 679 So.2d 512, 514 (double jeopardy principles do not apply in revocation proceedings); State v. Bell, 565 So.2d 1087, 1089-90 (La.App. 4th Cir.1990) (though "any person arrested for a non-capital offense has a right to bail," see now La.C.Cr.P. art. 330, the judge may but need not grant bail pending a revocation hearing under La.C.Cr.P. art. 899(C)). No reason therefore appears to require the state in revocation proceedings to adhere rigidly to statutes relating to arrest or summons applicable to the populace at large when those arrested or summoned for revocation do not as a general matter enjoy the same level of protection.
Accordingly, the detainer issued by the relator's probation officer before relator's release from state supervision suspended the running of the probationary term pending a final violation hearing even though it was not supported by an affidavit. La.C.Cr.P. art. 899(D). Similarly, the rule to revoke subsequently filed by relator's probation officer validly initiated the final revocation hearing, although it, too, was not supported by an affidavit. We therefore affirm the lower courts' rulings denying relator relief.
AFFIRMED.
NOTES
[*] Calogero, C.J., not on panel. See Rule IV, Part II, Sec. 3.