J¿WHIPPLE, J.
Richard Lay, an inmate at the Louisiana State Penitentiary at Angola, filed suit against the Louisiana Parole Board and the State of Louisiana challenging the revocation of his probation in 1995 and 1997. He filed myriad pleadings, including a supplemental pleading challenging a 1988 probation revocation. The trial court, upon the commissioner’s recommendation, declined to address the allegations regarding the 1988 revocation because there was a previously filed and pending suit in the Nineteenth Judicial District Court directed to this same issue. In accordance with the commissioner’s recommendation and finding that the procedures used to revoke Lay’s probation complied with due process, the trial court dismissed Lay’s suit “insofar and only insofar as to the revocations of 1995 based on the alleged violations of 1993 and the conviction of 1995.” Lay appeals.
In his appellate brief, Lay argues the merits of his case regarding the 1988 revocation. The commissioner stated in his recommendation:
It is my opinion that Mr. Lay has no right to add a currently pending suit which exists under a different number in this court. Therefore, my recommendation in this suit is restricted solely to the issue of the 1993-1995 revocation. Insofar and only insofar as Mr. Lay has a separate suit pending in another section of this court dealing with the 1988 decision, this decision has no bearing on it. If for some reason that issue is not properly in another suit properly being heard, this decision should have no effect on Mr. Lay’s rights to have the 1988 decision heard as is appropriate to that particular set of facts and controlling law.
Since the trial court did not rule on the validity of the 1988 revocation, that issue is not properly before us for review.
As to the parole revocation of November 3, 1995, Lay appeals and challenges the revocation alleging both state law and constitutional violations.
In order to fully understand Lay’s complaint’s regarding his 1995 revocation, the following time line is helpful:
[[Image here]]
July 22,1992 Lay is paroled, with a scheduled parole term completion date of June 22,1993.
Jan. 15,1993 Lay is arrested on felony charges.[1]
Jan. 20,1993 Lay meets with a parole officer, is advised he has been charged with three parole violations, including failure to refrain from engaging in criminal conduct, and elects to defer the preliminary and final revocation hearings until disposition of the felony charges.
Sept. 20,1995 Lay is convicted of a felony in connection with the January 15, 1993 arrest. Lay appeals the conviction to the First Circuit.
*83 Nov. 3,1995 Lay is notified by letter that his parole is revoked for “conviction of a new felony” and is advised that he is not entitled to a hearing.
Feb. 14,1997 The First Circuit remands the criminal case for a sanity hearing but states if Lay is found competent, his conviction is affirmed.
Mar. 3,1997 Lay receives notice of a final probation revocation hearing on the other grounds of failing to submit supervision reports, failing to meet with his parole officer when scheduled and failing to pay supervision fees.
Mar. 21,1997 A probation revocation hearing is held and probation is revoked on these grounds.
May 28,1997 The trial court finds Lay was competent in the criminal case. (Thus, his conviction is affirmed).
Mar. 27,1998 The Louisiana Supreme Court denies writs on appeal of the First Circuit decision in the criminal case.
ISSUE ONE
In his appeal brief, Lay first presents the issue of whether revocation proceedings were “properly instituted” prior to the expiration of his parole term on June 2, 1993. In order to suspend the running of a parole term, revocation proceedings must be properly instituted prior to the expiration of the parole term. Mole v. Louisiana Board of Parole, 93-1524, pp. 4-6 (La.App. 1st Cir.5/20/94); 637 So.2d 785, 786-787; See also State v. Weysham, 410 So.2d 1104, 1105 (La.1982); State v. Martens, 338 So.2d 95, 96 (La.1976).
In the instant case, Lay was arrested on felony charges on January 15, 1993, and was detained in the St. Tammany Parish Jail. On January 22, 1993, Lay was interviewed by a Department of Corrections officer and was given a | /‘Notice of Preliminary Hearing” issued by the Department of Public Safety and Corrections. Section I of the Notice contains an explanation of the rights of the parole violator. Section II of the Notice contains a Bill of Particulars setting forth the alleged parole violations.[2] The Notice was signed and dated by the parole officer on January 22, 1993, the date of service on Lay. Lay also signed the Notice, reflecting “receipt of notification of [his] rights and the alleged violation(s).” Further, he indicated his desire to defer the preliminary hearing by checking the space provided next to the statement, “I defer a preliminary hearing and sign Form DF-6D.”[3] Form DF-6D is attached to the Notice, and is signed and dated the same day by Lay and two witnesses. The form provides:
I hereby defer my preliminary hearing and agree to remain in custody (jail) until the felony charge(s) pending against me are disposed of. I further agree to postpone my final parole revocation hearing before the Parole Board until the felony charge(s) pending against me are disposed of.
My rights have been fully explained to me and I understand them. By action dated February 1, 1993, the Parole Board reviewed Lay’s parole violations and voted to allow him to make bond.[4]
*84 Despite these documented actions by the Parole Board as to Lay’s alleged parole violations in January and February, 1993, Lay contends in his brief that parole revocation proceedings were not properly instituted because no affidavit, signed under oath by the parole officer and notarized, accompanied the Notice, citing State v. Rylee, 591 So.2d 794 (La.App. 5th Cir. 1991), writ denied, 594 |R So.2d 1316 (La.1992). Therefore, Lay argues, because parole revocation proceedings were not properly _ instituted, his parole term was not suspended and expired on June 2, 1993. This argument has no merit.
The Louisiana Supreme Court has rejected the jurisprudentially created rule that an affidavit must accompany the parole violation arrest warrant, summons or rule. State v. Black, 97-0774, pp. 2-3 (La.12/12/97); 706 So.2d 423, 424-425; see also, State v. Duhon, 95-2724, p. 6 (La.5/21/96); 674 So.2d 944, 946. In Black, the Court specifically held that no affidavit need accompany a rule to revoke probation, a summons, detainer or a warrant in order to properly institute revocation proceedings. Black, 97-0774, pp. 2-3; 706 So.2d at 424-425.[5]
Therefore, we hold that the January 22, 1993 Notice of Preliminary Hearing containing a Bill of Particulars, signed by Lay and the parole officer and dated and accompanied by Form DF-6D, also signed and dated by Lay and two witnesses, validly instituted parole proceedings. Therefore, Lay’s parole term was suspended on January 22, 1993, well over four months prior to its expiration. Furthermore, pursuant to his voluntary waiver and deferral of the preliminary and final revocation hearings until after the disposition of the felony charges, his parole term was likewise suspended until the disposition of the felony charge.[6]
_ySSUE TWO
As set forth in the time line above, Lay was convicted of a felony offense on September 20, 1995, and he received a letter dated November 3, 1995, notifying him that (1) his parole was revoked for conviction of a new felony and (2) he was not entitled to a hearing.[7] Thus, the second issue presented on Lay’s appeal is whether the automatic revocation of parole upon the parolee’s felony conviction with neither a preliminary nor final revocation hearing violates due process and runs afoul of the principles set forth in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).
(a) Deferral of Preliminary Hearing
In Morrissey v. Brewer, the United States Supreme Court explained that the due process owed an alleged parole viola *85 tor required both a preliminary hearing, shortly after the arrest of the parolee, and a final revocation hearing. The Court further explained that the preliminary hearing need only determine the factual question of whether there was “probable cause or reasonable grounds to believe the arrested parolee has committed acts that would constitute a violation of parole conditions.” Morrissey, 408 U.S. at 485, 92 S.Ct. at 2602. This preliminary determination is necessary to show a sufficient basis “to warrant the parolee’s continued detention and return to the state correctional institution pending the final decision.” Morrissey, 408 U.S. at 487, 92 S.Ct. at 2602.
Applying these principles to the present case, we deem it significant that Lay signed a formal waiver deferring his right to a preliminary hearing until the disposition of his pending felony charge. In doing so, we conclude Lay properly waived his right to the probable cause hearing to be held immediately after his 171993 arrest contemplated by Morrissey. Due process rights, as with other constitutional rights, may be waived. See Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274; see also Moody v. Daggett, 429 U.S. 78, 96 n. 12, 97 S.Ct. 274, 283 n. 12, 50 L.Ed.2d 236 (1976) (Stevens, J., dissenting) (“Moreover, if, as respondent contends, delay will sometimes be in the parolee’s best interest, the parolee could always waive his right to a prompt hearing.”) The general rule in cases where a person waives a constitutional or statutory right, is that the state must prove that the waiver is freely, voluntarily and knowingly made. See State v. Smith, 418 So.2d 515 (La.1982); State v. Leatherwood, 411 So.2d 29, 33 (La.1982). In the present case, Lay’s waiver of his right to a prompt probable cause hearing envisioned by Mor-rissey is evidenced by his signature on both the Notice and Form DF-6D. Form DF-6D is additionally signed by two witnesses and expressly provides that Lay was explained his rights and that he understands them. In view of this evidence contained in the record, we find that Lay’s waiver of his right to a prompt probable cause hearing is valid.[8] Furthermore, any detrimental impact that could have been ascribed to the failure to conduct a prompt probable cause hearing was reduced or eliminated by the Board’s decision to allow Lay to make bond.
(b) Deferral of Final Hearing
We further find no error or prejudice in the deferral or waiver of a final revocation hearing. As the record indicates, Lay also requested that the final revocation hearing not be held until the disposition of the charges pending against him. See LSA-R.S. 15:574.9(A). We find no error in this regard. As noted by the Louisiana Supreme Court, delaying the revocation hearing until the | sdisposition of pending charges may be advantageous to an alleged parole violator by avoiding a precipitous decision, for should the parolee be found not guilty of the subsequent crime charged, a more equitable and just disposition can be made by the Board relative to revocation of parole. State v. Spain, 384 So.2d 380, 383 (La.1980). As recognized in Morrissey, a parolee may enjoy an additional benefit in deferring the final revocation hearing until after a criminal trial, in that the parolee is afforded a full criminal trial on his charge, complete with the procedural and substantive safeguards afforded an accused in a criminal prosecution.
In contrast, “the revocation of parole is not part of a criminal prosecution *86 and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations.” Morrissey, 408 U.S. at 480, 92 S.Ct. at 2600; Gagnon v. Scarpelli 411 U.S. 778, 789, 98 S.Ct. 1756, 1763, 36 L.Ed.2d 656 (1973). Clearly, an alleged parole violator will be assured more safeguards at a criminal trial than at a revocation hearing where both proceedings must determine factual questions of the parolee’s actions. Thus, as to the factual determination of whether a condition of parole consisting of commission of a subsequent crime has been violated, the parolee may deem it to be in his best interest to defer the revocation hearing until after the charges are disposed of.
Finally, Lay challenges the constitutionality of the automatic parole revocation procedure set forth in LSA-R.S. 15:574.10, contending this violates due process. After his criminal trial resulted in a felony conviction on September 20, 1995, Lay received notification by letter dated November 3, 1995 that his parole had been revoked. Revised Statute 15:574.10, as amended in 1993, provides: |fl§ 574.10. Conviction of a felony while on parole
When a person is convicted in this state of a felony committed while on parole or is convicted under the laws of any other state or of the United States or any foreign government or country of an offense committed while on parole and which if committed in this state would be a felony, his parole shall be deemed revoked as of the date of the commission of the felony or such offense under the laws of the other jurisdiction. His parole officer shall inform the sentencing judge of the fact that the convicted defendant is a parole violator. The term for which the defendant shall be imprisoned as a parole violator shall be the same as that provided in cases of revocation of parole for violation of the conditions of parole. The new sentence of imprisonment shall be served consecutively to the term of imprisonment for violation of parole unless a concurrent term of imprisonment is expressly directed by the court. An appeal by the defendant on the new conviction or sentence shall not suspend the revocation provisions of this Section, unless the defendant has been admitted to post-conviction bail on the new sentence of imprisonment. In the event of a successful appeal of the new conviction or sentence, the state shall be liable for any loss of income sustained by the defendant due to such revocation of parole.
The revocation of parole upon a subsequent conviction of a felony committed while on parole is mandatory. The Louisiana Supreme Court has held this statute to be constitutional in State ex rel. Bertrand v. Hunt, 325 So.2d 788, 790 (La.1976). As the Court explained in Bertrand:
Relator has had an opportunity to be heard in “another forum,” the federal court, in which the procedural safeguards are much more stringent than in an informal revocation hearing.... Under the statute, the conviction itself is conclusive that relator committed acts that Per se constitute a violation of parole. The mandatory language precludes the exercise of discretion on the part of the parole board. Hence, in the present case, a second revocation hearing would serve no useful purpose.
State ex rel. Bertrand, 325 So.2d at 790.
Additionally, the United States Fifth Circuit Court of Appeals has held that the automatic parole revocation without a final hearing as mandated by LSA-R.S. 15:574.10 does not violate due process. Pickens v. Butler, 814 F.2d 237, 241 (5th Cir.1987), cert. denied, 484 U.S. 924, 108 S.Ct. 284, 98 L.Ed.2d 245 (1987). Relying on the United States Supreme Court case of Black v. Romano, |in 471 U.S. 606, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985), the court explained in Pickens:
Our reading of Black persuades us that the court in Morrissey did not hold that a state is prohibited from declaring that *87 parole will be automatically revoked for serious violations such as a conviction of a felony. Black also teaches that it is only where the factfinder has discretion to continue parole that the parolee is entitled to show an excuse for violation or that revocation is not appropriate.
Pickens, 814 F.2d at 239. Therefore, because Lay’s parole revocation was automatic following his Louisiana felony conviction, the United States Constitution does not require Louisiana to give him a final revocation hearing. Thus, we find no merit to his claim that he was denied due process and conclude that no final hearing was required before the November 3, 1995 notification of his parole revocation.
Additionally, we recognize that Lay merely deferred his preliminary hearing; however, we find that no purpose would be served by a preliminary hearing being held after a trial resulting in a felony conviction. The automatic revocation of Lay’s parole under the facts of this case is not violative of constitutional guarantees. See Moody v. Daggett, 429 U.S. at 86 n. 7, 97 S.Ct. at 278 n. 7. (“In the present case, where petitioner has already been convicted of and incarcerated on a subsequent offense, there is no need for the preliminary hearing which Morrissey requires upon arrest for parole violation. This is so both because the subsequent conviction obviously gives the parole authority ‘probable cause or reasonable ground to believe that the ... parolee has committed acts that would constitute a violation of parole conditions,’ ... and because issuance of the warrant does not immediately deprive the parolee of liberty.”) Thus, we hold that where, as here, a parolee waives his right to an immediate probable cause hearing after appropriate notice and defers it until after the disposition of pending criminal charges, and where the charges result in a Infelony conviction after a full trial, due process does not require the “preliminary hearing” or the “final” revocation hearing before parole may be validly revoked.
This argument also lacks merit.
ISSUE THREE
Finally, Lay challenges the November 3, 1995 revocation because his felony conviction was on appeal and was not final until March 27,1998. See State v. Lay, 97-1616 (La.3/27/98); 716 So.2d 879. Lay erroneously relies upon the holding of State ex rel. Clark v. Hunt, 337 So.2d 438 (La.1976). In Clark, the Court held that a revocation of parole pursuant to LSA-R.S. 15:574.10 cannot be based solely on a conviction that is not final. As the Court noted therein: “We do not imply that pending appeal the Parole Board is precluded from revoking parole based upon evidence of actual misconduct that violates the conditions of parole.” Clark, 337 So.2d at 440. Moreover, the jurisprudential rule requiring finality announced in Clark has been legislatively overruled by Acts 1993, No. 104, § 1. The 1993 amendment added the last two sentences which provide:
An appeal by the defendant on the new conviction or sentence shall not suspend the revocation provisions of this section, unless the defendant has been admitted to post-conviction bail on the new sentence of imprisonment. In the event of a successful appeal of the new conviction or sentence, the state shall be liable for any loss of income sustained by the defendant due to such revocation of parole.
Where, as here, (1) revocation proceedings are properly initiated on several bases in addition to failure to refrain from criminal conduct; (2) the hearings are deferred by the parolee’s agreement to waive or defer the preliminary and final revocation hearings; and (3) the parolee’s probation is revoked on other grounds, after a final hearing, there is no showing of a violation of due process. Moreover, absent some showing in the record that Lay had been fallowed to make appeal bond, we are unable to say that the November 11, 1995 parole revocation based on conviction of a felony under LSA-R.S. 15:574.10 was improper. Because the record does not reflect whether Lay was “admitted to *88 post-conviction bail” on the new sentence, there is nothing before us which would show that the revocation was improper.
Moreover, inasmuch as a probation revocation hearing was ultimately conducted herein, on the other grounds alleged, Lay has not shown his entitlement to any further relief.
This assignment also lacks merit.
CONCLUSION
For the above and foregoing reasons, the appeal is denied. The September 19, 1997 judgment of the trial court is hereby affirmed at appellant’s costs.
AFFIRMED.
SHORTESS, J., dissents with reasons.

. Lay was charged with Distribution of Cocaine within 1,000 feet of a school, a violation of LSA-R.S. 40:981.3 and LSA-R.S 40:976.

. The Bill of Particulars sets forth three alleged parole violations by Lay: (1) failure to make written reports and report to his Parole Specialist when directed to do so; (2) failure to refrain from engaging in criminal conduct; and (3) failure to make parole supervision fee payments or to do any community service work.

. The preliminary hearing for parole revocation is statutorily required by LSA-R.S. 15:574.7. However, the authority to waive the preliminary hearing is found in Parole Board regulations promulgated pursuant to LSA-R.S. 15:574. See LSA-R.S. LAC 22:XI.l § 117(B)(1). Authority to defer the final revocation hearing is contained in LSA-R.S. 15:574.9.

. Whether Lay posted bond or remained in custody pending his trial is not discernible from the record but, in our opinion, is not *84 determinative in this case. Clearly, "revocation proceedings” had been initiated timely.

. The fact that Black, 706 So.2d 423, dealt with probation revocation proceedings rather than parole revocation proceedings is inconsequential inasmuch as the U.S. Supreme Court has recognized that "revocation of probation where the sentence has been imposed previously is constitutionally indistinguishable from the revocation of parole.” Gagnon v. Scarpelli, 411 U.S. 778, 782 n. 3, 93 S.Ct. 1756, 1759 n. 3, 36 L.Ed.2d 656 (1973). See also State v. Malone, 403 So.2d 1234, 1238 (La.1981).

. We note that Lay also seems to argue that ■ the issuance of an arrest warrant based upon parole violations, pursuant to LSA-R.S. 15:574.7 or 574.8, is necessary to commence parole revocation proceedings. However, in the present case. Lay had been arrested on felony charges and was already in the custody of parish law enforcement officials; therefore, no parole violation arrest warrant was needed to bring Lay into custody. Moreover, such a warrant was not necessary in this case to institute parole revocation proceedings or to give him notice, as he was properly notified through service of the "Notice of Preliminary Hearing.”

.Although charged with Distribution of Cocaine within 1,000 feet of a school, Lay was convicted of Possession of Cocaine within 1,000 feet of a school. LSA-R.S. 40:981.3 and LSA-R.S. 40:967. He appealed the conviction. See State v. Lay, 96-1125 (La.App. 1st Cir.2/14/97); 690 So.2d 1125, writ denied, 97-1616 (La.3/27/98); 716 So.2d 879.

. In his petition, Lay claims that his signing of the deferral of the revocation proceedings was involuntary. The lower court judgment did not directly address this issue; however, the trial court's ruling in favor of the Board of Parole, necessarily implies that the district court rejected Lay’s claim that his signing of the Form DF-6D was involuntary. See Delcambre v. Lorrain, 95-185, p. 8 (La.App. 5th Cir.7/25/95); 659 So.2d 835, 841; Succession of Kelly v. Schauff, 323 So.2d 243, 246-247 (La.App. 1st Cir. 1975).